Trading Stamp Co. *v.* Memphis.

TRADING STAMP CO. *v.* MEMPHIS.*

*(Jackson.* June 4, 1898.)

1. MUNICIPAL CORPORATIONS. *Enjoined from passing ordinance.*

   A municipal corporation will be restrained from passing a clearly illegal and *ultra vires* ordinance, which, if permitted to go into effect, would, on account of its highly penal nature, and the number of persons affected, cause great confusion and mischief and multiplicity of suits before its validity could be tested. (*Post, pp. 182–186.*)

   Cases cited: Bradley *v.* Commissioners, 2 Hum., 428; Lynn *v.* Polk, 8 Lea, 127; Public Ledger *v.* Memphis, 93 Tenn., 81; 26 L. R. A., 541; 44 Iowa, 505; 13 L. R. A., 844; 43 Fed. Rep., 308.

2. SAME. *No power to create privileges for taxation.*

   A municipal corporation has not power to make an occupation a privilege and tax it, which has not been first named such by the Legislature. (*Post, p. 183.*)

   Cases cited: Mayor *v.* Althrop, 5 Cold, 554; Fulghum *v.* Mayor, 8 Lea, 640.

3. SAME. *Power to create a privilege and tax it not conferred, when.*

   Power to create a privilege and levy a tax on it is not conferred upon a municipal corporation by a statute permitting it to impose a tax on every object and subject of taxation within its limits, and providing that the power shall extend to every species of property, and to privileges and all other things upon which the Legislature or the city has heretofore laid taxes, rates, or assessments. (*Post, pp. 184, 185.*)

   Act construed: Acts of 1893, Ch. 84.

4. CONSTITUTIONAL LAW. *Passage of statutes.*

   A statute, though published with the legislative "Acts," is in-

   ---

   * On the question of injunction to prevent the passage of a municipal ordinance the authorities are collected in a note to *Roberts* v. *Louisville* (Ky.), 13 L. R. A., 844. —REPORTER.

valid where it appears from the journals that it was vetoed by the Governor and never passed over the veto. (*Post, pp. 183, 184.*)

Acts construed: Acts 1898, Ch. —— (Ex. Sess.).

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. STERLING PIERSON, Ch.

CARROLL, CHALMERS & McKELLAR and METCALF & WALKER for Trading Stamp Company.

JOHN H. WATKINS for City of Memphis.

WILKES, J. The complainant stamp company and certain merchants doing business in Memphis, filed this bill against the City Council and City of Memphis, seeking to enjoin the passage of an ordinance pending before the Council imposing a privilege tax upon the company of $500, and upon each merchant of $250, for engaging in what is styled the trading stamp business, and declaring the doing of such business without license a misdemeanor upon the part of the company and the merchants. An injunction was granted and served upon the members of the Council. The defendants moved to dissolve the injunction and also demurred to the bill on various grounds. The Chancellor overruled the demurrer and refused to dissolve the injunction. On motion the

penalty of the bond was increased to $10,000 and complainants declined to give it, and the injunction was dissolved.

From the decree overruling the demurrer the Chancellor granted an appeal to the defendants, and they have assigned errors. While the errors assigned are eight in number, only one question is presented, and that is whether a Court of Chancery should enjoin a City Council from passing such an ordinance under its legislative power.

It is conceded that a Court of Chancery may restrain the enforcement of an illegal or *ultra vires* ordinance after it is passed. *Bradley* v. *Commissioners*, 2 Hum., 428; *Lynn* v. *Polk*, 8 Lea, 127; *Public Ledger* v. *Memphis*, 93 Tenn., 81; *Dennis* v. *Baltimore*, 26 L. R. A., 541–543.

It is insisted this ordinance, if passed, would be *ultra vires* and void, because it attempts to create a privilege and tax it, and make its pursuit without payment of tax a misdemeanor, when the Legislature has not so provided. The contention is that the Legislature alone can create a privilege and authorize its taxation, and that a municipal corporation cannot make any occupation a privilege, nor impose a tax upon it, unless it has first been so declared by the Legislature. This we think is correct. *Mayor* v. *Althorp*, 5 Cold., 554, 558, 559; *Fulghum* v. *Mayor*, 8 Lea, 640.

It is insisted that the Legislature has not made the trading stamp business a privilege, nor imposed

a tax upon it, and an attempt to do so by the City Council of Memphis would be an act *ultra vires* and beyond its power, and that such action may be enjoined to prevent irreparable mischief and damage.

It appears that the Legislature, at its special session (1898), did pass a bill declaring that trading stamp agencies, and merchants doing business by or through such agencies, should pay a tax for such privilege, and the bill is published as an Act of the extra session of 1898. But it appears from the journal of the House that the bill was vetoed by the Governor as unconstitutional and was not passed over his veto, so that it has no force or vitality, and is improperly published as an existing law.

It is next contended, that, under Sec. 4, Ch. 84, of the Acts of 1893, the city of Memphis was empowered to levy privilege taxes, and hence the Legislative Council was acting within the scope of its authority. This section is as follows:

"SEC. 4. *Be it further enacted,* That from and including the year 1893, power is hereby conferred upon the Legislative Council of the city of Memphis to levy and impose all necessary taxes for the support of the government of said city. In the exercise of said power the Legislative Council shall always levy and impose a sufficient tax to pay the interest of the outstanding bonds of said city, and to provide a sinking fund for the retirement of the bonds themselves, as required by the law under which said bonds were issued. . . . The power conferred

thus to impose taxes shall apply to every object and subject of taxation within the corporate limits of the city of Memphis. Said power shall extend to every species of property and to privileges and wharfage dues, and all other things upon which the Legislature or the city has heretofore laid taxes, rates or assessments for the support and maintenance of said government, the object being to provide for the exercise of the power herein conferred under the restrictions named as fully as the same could be exercised if the Legislature and not the city were exercising the power."

It is evident that the power conferred by this Act was to tax such property, privileges, and other things, as had been theretofore taxed, or thereafter ordered to be taxed, by the Legislature or the city under the authority of the Legislature, but it did not confer the power to create new privileges and assess taxes for their exercise, and, as we have already seen, no such power exists independent of legislative authority.

It clearly appears, therefore, that the contemplated action of the council was illegal and *ultra vires*, and the question recurs, should complainants be allowed to enjoin the enactment of the ordinance, or take their remedy to prevent its enforcement after it is passed?

In the case of *Public Ledger Co.* v. *Memphis*, 9 Pickle, 81, this Court said: "The remedy by injunction to prevent municipal corporate

action is one not lightly to be applied. If the matter complained of is one merely of simple contract of no serious moment, and which may be defeated by resistance to its enforcement, even by the body making it, there is no sufficient ground for the use of the writ at the instance of the taxpayer."

But there is a broad distinction between the exercise of legislative authority when the power or jurisdiction to exercise it has been conferred by law, and an attempt to legislate upon matters clearly *ultra vires*. Where there is power and authority conferred by law to do any legislative act, the discretion of the council cannot be controlled, but when there is no legislative authority or power, injunction will lie. A municipal corporation has no discretion to do any act which is clearly illegal and beyond its power. *DesMoines Gas Co.* v. *DesMoines*, 44 Iowa, 505; *Roberts* v. *City of Louisville*, 13 L. R. A., 844; High on Injunc., Sec. 1241, and cases cited; *Negus* v. *Dwyer*, 90 N. Y., 402; *Memphis* v. *East Portland*, 43 Fed. Rep., 308.

It is said, however, conceding that injunction will lie, it should not be resorted to so long as the complainant has either sufficient remedies, such as an action for damages or an action to enjoin the enforcement of the ordinance when passed, and this is undoubtedly so.

The legislation proposed is to impose a tax of $500 upon the stamp company, and $250 on each

merchant using the stamps, and to make the violation of the ordinance a misdemeanor. It is alleged there are a number of these merchants, one hundred and forty-five or more; with these merchants the company has a contract for a year, which must be breached if the law is observed, and thus ground will be laid for a large number of suits. Moreover, the use of the stamps being made a misdemeanor, the merchants would each be liable in a criminal action if he did not break the contract. Each breach would perhaps be a separate, distinct offense, for which the penalty could be demanded, at least until the question was settled on appeal. To restrain the enforcement, an action would have to be brought by each person liable, so that we think a proper case is made out to enjoin the passage of the Act, and the decree of the Court below is affirmed with costs.