NEUHOFF PACKING Co. *v*. CITY OF CHATTANOOGA.

(*Knoxville,* September Term, 1950.)

Opinion filed December 9, 1950.

WHITAKER, HALL & HAYNES, of Chattanooga, for complainant.

J. W. ANDERSON and E. K. MEACHAM, both of Chattanooga, for defendant.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The Chancellor held that complainant was not liable for the privilege tax involved of $201.50, which amount the complainant had paid under protest. The defendant, City of Chattanooga, demurred to the bill.

The complainant is a wholesale meat dealer with its principal office in the city of Nashville. It appears that it employs two resident salesmen in the city of Chattanooga to solicit wholesale orders for meat from various dealers located within the city. These orders are forwarded by mail to complainant at Nashville, there filled and shipped in complainant's trucks from its Nashville plant to the customer in Chattanooga. Payment for

the goods is collected upon delivery by the truck driver or upon open account. It further appears that no meat is sold from complainant's trucks in the city. Complainant has no office property, stall, store or other place of business in Chattanooga nor does it sell any merchandise from a wagon or other vehicle. The city collected the tax after the passage of an ordinance undertaking to follow the General Revenue Act.

Code Section 1248.8 authorizes municipalities to levy privilege taxes as follows:

"*1248.8. County and incorporated city may levy tax.*— (1) Each county and incorporated city is hereby authorized and empowered to levy a privilege tax upon merchants and other such vocations, occupations or businesses declared to be privileges in this act, to be levied in the same manner and not to exceed in amount the tax levied by the state, except as otherwise stated in this or any other act. . . ."

. Code Section 1248.6 provides:

". . . If he conducts business from any established place of business in more than one county he shall pay the state privilege tax in each of taxation upon such privilege. . . .

"If he maintains only one place of business in a county, from that place extending his operations into adjoining counties without establishing a place of business or a branch office in such adjoining counties, he shall be liable for both state and county tax in the county where the place of business is located but *only* for the county tax in any other county."

It will be observed that the legislature could have provided that the state could levy and collect privilege tax in any county in which the business was extended and if

it had been so, both the counties and the municipalities within the counties in which the business was extended could have levied the taxes. The legislature could have provided that the state could levy the tax in the county in which the place of business was located and the counties and municipalities into which the business was extended could levy and collect the privilege tax; but this was not done. It provided that only the county could levy the tax. This failure on the part of the legislature to expressly authorize the levy and collection of the privilege tax by the municipalities in the county into which the business was extended is a sufficient answer to the claim of the city for this revenue.

A municipal corporation has only such power to levy taxes for the privilege of doing business as is given by the legislature. *International Trading Stamp Corp.* v. *City of Memphis,* 101 Tenn. 181, 47 S. W. 136.

The general rule of statutory construction involving tax statutes is to construe them against the taxing authority and in favor of the taxpayer where there is doubt.

It will be noted that complainant has no office or place of business in the city of Chattanooga or in Hamilton County. The complainant has no stall, store, wagon or vehicle from which it sells at wholesale or retail in the city of Chattanooga and Hamilton County. The sale of the merchandise does not take place in the city of Chattanooga. The sale is made in the city of Nashville where complainant accepts the order. The complainant is not exercising the privilege taxable under Code Section 1248.29 since it did none of the things specified as a privilege under said Code Section.

It is insisted by the city that under the provisions of Code Section 1248.6 the complainant would be liable for

the tax as a wholesale butcher in the city of Chattanooga by reason of extending its operation in Davidson County, where it maintains an office, into Hamilton County.

■ In *Watts Co.* v. *Hauk,* 144 Tenn. 215, 231 S. W. 903, 904, it is said:

"It is a well-settled rule of interpretation in this state that statutes levying taxes or duties upon citizens will not be extended by implication beyond the clear import of the language used, nor will their operation be enlarged so as to embrace matters or persons not specifically named or pointed out. All questions of doubt arising upon the construction of the statute will be resolved against the government and in favor of the citizen, because burdens are not to be imposed beyond what the statute expressly imports. Chattanooga Plow Co. v. Hays, 125 Tenn. [148], 155, 140 S. W. 1068; . . . Pryor v. Marion County, 140 Tenn. 399, 204 S. W. 1152, L. R. A. 1918 F, 820."

■ The city's right to levy a privilege tax is derivative only. It does not have the power to declare an occupation a privilege and tax it until such occupation has been declared a privilege by the legislature. *International Trading Stamp Company* v. *City of Memphis,* 101 Tenn. 181, 147 S. W. 136.

■ Code Section 1248.8 provides that a city shall have the right to levy privilege taxes in the same manner and not to exceed in amount the tax levied by the state, except as otherwise stated in this or any other Act. The third paragraph of Code Section 1248.6 which contains the "extended operation doctrine" upon which the city is insisting, provides that in the event operations are extended into adjoining counties, the taxpayer shall be liable "only for the county tax in any other county."

We have come to the conclusion therefore, that complainant was not liable for the tax sought to be collected and the decree of the Chancellor must be affirmed.

All concur.