SMITH AMUSEMENT Co., etc., et al.

*v.*

MAYOR AND BOARD OF COMMISSIONERS OF CITY OF CHATTANOOGA.

(*Knoxville,* September Term, 1959.)

Opinion filed December 11, 1959.

CRAWFORD & MORGAN, Chattanooga, for appellants.

J. W. ANDERSON, City Attorney, EUGENE N. COLLINS, Assistant City Attorney, Chattanooga, for City of Chattanooga.

Mr. Justice Prewitt delivered the opinion of the Court.

This cause is before us on the technical record by direct appeal from the Chancery Court of Hamilton County.

The only question here presented for our consideration is whether or not Ordinance No. 4448 passed by the City of Chattanooga, is in conflict with the State or general law.

The general law as contained in the Supplement of Volume 7 of the Tennessee Code Annotated Section 39-2033, Subsections two and four specifically excludes pinball machines from the definition of gambling or gambling devices, while Ordinance No. 4448 of the City of Chattanooga makes it unlawful to possess or display pinball machines and provides penalties for its violation.

On June 24, 1958, Ordinance No. 4448 passed on its third and final reading prohibiting the possession and maintenance of pinball machines in the City of Chattanooga, and immediately thereafter all of the machines were confiscated and destroyed that were in the City of Chattanooga. Hamilton County was not affected and pinball machines are still operated and maintained in the County, and elsewhere throughout the entire State.

The bill of complaint was met by demurrer filed by the City and sustained by the trial court.

The complainants are individually and collectively engaged in private business or enterprise, operating within the corporate limits of the City of Chattanooga, and more particularly engaged in the operation of electronic phonographs, cigarette vending machines, all being commonly denominated as coin operated machines.

As before stated, the City enacted Ordinance No. 4448 prohibiting the possession or displaying of any pinball machine which is operated by a coin device. Section Two of the Ordinance empowers the police department of the City to seize, confiscate and destroy any such machine found to fall within the definition of Section One of the Ordinance. Section Four of the Ordinance makes the same penal in nature and designates the violation of the same as a misdemeanor.

The general law of the State on the question before this Court is unambiguous as recorded in Volume 7 of the Tennessee Code Annotated, Section 39-2033, Subsections two and four which expressly excludes pinball machines.

We think the Ordinance of the City, to wit, Ordinance No. 4448 hereinbefore is unconstitutional as being in conflict with the general law of the State.

Before the general law was enacted in 1957 expressly excluding pinball machines as gambling devices the similar question was presented to this Court in *Heartley v. State,* 178 Tenn. 254, 157 S.W.2d 1, in which it was said:

A slot machine is not per se a "gambling device" since it may be used or played upon for innocent purposes, and courts cannot, therefore, take judicial notice that every slot machine is a gambling device because use to which it is put must determine its character.

Evidently the Legislature did not think pinball machines were unlawful in themselves.

In *International Trading-Stamp Co. v. City of Memphis,* 101 Tenn. 181, 47 S.W. 136, 137, this Court said:

"But there is a broad distinction between the exercise of legislative authority when the power of jurisdiction to exercise it has been conferred by law and an attempt to legislate upon matters clearly ultra vires. Where there is power and authority conferred by law to do any legislative act, the discretion of the council cannot be controlled; but, when there is no legislative authority or power, injunction will lie. A municipal corporation has no discretion to do any act which is clearly illegal and beyond its power."

This is the case at Bar. We think the trial court was in error in upholding said Ordinance No. 4448 as valid.

It is also insisted that Section 39-2033 T.C.A. Subsections two and four permitting ownership and possession of pinball machines is unconstitutional as being discriminatory.

We think this was a matter for the Legislature to determine and that the exclusion of pinball machines is not susceptible of a valid attack.

■ If the Legislature had not expressly excluded the pinball device from the definition, it is true that the defendant, City, was acting within the limits of the general law, but since express legislation excludes such pinball device it can only be concluded that Ordinance No. 4448 is in derogation of the general law.

It results that the judgment of the lower court is reversed.