**Thomas J. GRIFFIN, Plaintiff in Error,**

**v.**

**STATE of Tennessee, Defendant in Error.**

Supreme Court of Tennessee.

Feb. 20, 1973.

Sam Friedman, Carlton Barnes, Memphis, for plaintiff in error.

David M. Pack, Atty. Gen. of Tenn., Everett H. Falk, Asst. Atty. Gen., Nashville, Phil M. Canale, Jr., Dist. Atty. Gen., Sam J. Catanzaro, Jr., Asst. Dist. Atty., Gen., Memphis, for defendant in error.

## OPINION

JENKINS, Special Justice.

Thomas J. Griffin, Secretary of Memphis Lodge # 153 of the Loyal Order of the Moose, was indicted, tried and convicted of encouraging, promoting and aiding and assisting in the playing of bingo for the purpose of gaming and fined $600.00. The Court of Criminal Appeals affirmed with one judge dissenting. This Court granted certiorari.

The relevant evidence is that Griffin is a member of Loyal Order of the Moose, which is a philanthropic, charitable society maintaining Moose Heart Home for Children and Moose Haven Home for the Aged. That as secretary of the local lodge he oversaw the borrowing of money by the Lodge from its members through the issuance of certificates of indebtedness which were paid off in part from proceeds of bingo games.

There are two statutes relating to the promoting of gaming. Section 39–2002 T. C.A. makes it a misdemeanor for any person to encourage or promote, aid or assist the playing of any game for money or any other valuable thing. Section 39–2031 T. C.A. provides that anyone who engages in gambling, or solicits or induces another to engage in gambling, shall be guilty of a misdemeanor. The punishment under § 39–2002 is that prescribed by law for a misdemeanor, which, under § 39–105 T.C. A. could be a fine up to $1,000.00 and imprisonment not to exceed a year. The punishment under § 39–2031 is fixed at not more than $500.00 and in the discretion of the court at any period of confinement not to exceed one year.

Upon comparison, it is evident that the relevant parts of these Code sections referred to duplicate each other in legal effect. So that an indictment for the commission of an offense proscribed by one Code section is equivalent to an indictment for the violation of the other.

The importance of this becomes manifest in view of the fact that § 39–2002 is derived from the Acts of 1799, Chapter 8, § 2, and first went into the Code of 1858, and has been codified in all succeeding Codes. Whereas § 39–2031 is a codification of Acts of 1955, Chapter 234, § 1. The result of this is, that since the Acts of 1955, the maximum fine assessable for the statutory offense of promoting gaming or gambling has been $500.00, in view of which the $600.00 fine assessed against Mr. Griffin is void.

In this situation, we could remand the case simply for the fixing of the fine, but we choose not to do so, and remand the case for trial, or such action with respect to it as the District Attorney General chooses to take. We do this so that this officer may have the fullest discretion to proceed as he chooses; either to try the case anew, or to recognize that it is no longer the policy of the law to prohibit bingo games conducted by religious or charitable groups, this being so provided by Chapter 216, § 1 of the Acts of 1971, which went into effect eleven days after the Court of Criminal Appeals affirmed his conviction, on May 6th.

As to the other assignments of error, the Court is of opinion that they are not well taken, agreeing with the disposition made thereof by the majority opinion of the Court of Criminal Appeals.

In response to the contention that § 39–2031 had the effect of repealing § 39–2002 T.C.A., under which it appears may have been the basis of the indictment in this case, it is sufficient to point that the indictment is adequate under § 39–2031, although it is not in language identical with the Code Section.

Accordingly, the case is reversed and remanded.

DYER, C. J., and CHATTIN, and McCANLESS, JJ., concur.

## OPINION ON PETITION TO REHEAR

JENKINS, Special Justice.

A Petition to Rehear has been filed by the State of Tennessee, based on the assumption our opinion validates, constitutionally, Chapter 216, Public Acts of 1971. This is not the case. Our reference to the Act was in the framework of the policy of the legislative attitude toward the misdemeanor involved, not to validate the Act. Our opinion left the State free to proceed as it chooses.

Petition denied.

DYER, C. J., and CHATTIN and McCANLESS, JJ., concur.