**STATE of Tennessee, Appellant,**

v.

**Carl LAWSON, Appellee.**

Court of Criminal Appeals of Tennessee.

Sept. 11, 1975.

Certiorari Denied by Supreme Court Dec. 1, 1975.

R. A. Ashley, Jr., Atty. Gen., Jack E. Seaman, Asst. Atty. Gen., Nashville, for appellant.

Frank L. Slaughter, Bristol, for appellee.

OPINION

FRED H. GILLIAM, Special Judge.

On or about May 1, 1973, Andrew Hicks was arrested and charged with having gaming devices in his possession. On June 26, 1973, Hicks was indicted by the Sullivan County Grand Jury for having in his possession "gambling devices, namely, bingo type pinball machines," allegedly in violation of Tennessee Code Annotated, Section 39–2006. On July 27, 1973, Hicks plead guilty to the offense of "possession of gambling devices", contrary to Tennessee Code Annotated, Section 39–2006, and the Court ordered that the three (3) Bally Miss America Pinball Machines which had been confiscated on the date of Hicks' arrest should be destroyed after the completion of another case in which they would be used in evidence. In addition to the pinball machines taken from Hicks, two (2) Bally Silver Sails and one (1) Bally Circus Queen Pinball machines were confiscated during 1973 from the Tri-Cities Truck-stop which is owned by Hugh Bradshaw. Bradshaw was never prosecuted by the State for his possession of these pinball machines.

At the time these pinball machines were confiscated by the State they were the property of Carl Lawson Enterprises, and they were in the possession of Andrew Hicks and Hugh Bradshaw pursuant to a lease agreement between Lawson Enterprises and Hicks and Bradshaw.

The State petitioned the Criminal Court of Sullivan County for an order to destroy said pinball machines. In opposition thereto, a motion seeking return of the pinball machines was submitted on behalf of the owner lessor, Carl Lawson, the owner of Lawson Enterprises.

Upon the hearing on December 13, 1974, the Honorable Roger E. Thayer, Judge sitting by designation, considered the argument of counsel, pleadings and testimony, and on the 9th day of January, 1975, issued an order dismissing the State's petition to destroy said machines and directing that said pinball machines be returned to the owner, Carl Lawson.

The sole question presented in this appeal is whether pinball machines can be subject to destruction under the State's present statutory laws regarding gambling.

■ The Court is of the opinion that the statutory exemption of pinball machines from the definition of "gambling and gambling device" contained in Tennessee Code Annotated, Section 39–2033, sub-sections (2) and (3), exempts pinball machines from being subject to destruction.

In a case decided on October 19, 1974, in the United States District Court for the Middle District of Tennessee, Nashville Division, where machines of similar description as those confiscated from the Appellee were at issue. The Court specifically held that the machines in question were pinball machines within the meaning of the Tennessee Statute, Tennessee Code Annotated, Section 39–2033, and 18 U.S.C. § 1955, *U. S. v. Allen.*

Tennessee Code Annotated, Section 39–2033(2) specifically excludes pinball machines from the definition of "gambling", and if pinball machines are excluded from these definitions, they should be excluded from all penal sanctions encompassed by Tennessee Code Annotated, Section 39–2001 and Section 39–2037.

■ These machines were seized by the State contrary to Tennessee law and Andrew Hicks' plea of guilty should not prevent the rightful owner, Carl Lawson of Lawson Enterprises, who was not a party to that prosecution, from asserting the illegality of the seizure.

The validity of a city ordinance making it unlawful to possess or display pinball machines was held unconstitutional by the Tennessee Supreme Court in *Smith Amusement Company v. Mayor and Board of Commissioners of the City of Chattanooga* (1959), 205 Tenn. 712, 330 S.W.2d 320.

All assignments are overruled and the judgment is affirmed.

WALKER, P. J., and O'BRIEN, J., concur.