**STATE of Tennessee, Appellant,**

v.

**Mo ASHLEY et al., Appellees.**

Court of Criminal Appeals of Tennessee.

Oct. 3, 1975.

Certiorari Denied by Supreme Court Dec. 30, 1975.

R. A. Ashley, Jr., Atty. Gen., Jack E. Seaman, Asst. Atty. Gen., Nashville, William Mooney, Asst. Dist. Atty. Gen., Blountville, for appellant.

Thomas R. Bandy, III, Kingsport, for Sheffield, Welch, Worley, DeBusk and Linebaugh.

Myers N. Massengill, Bristol, for Ashley and Hartsock.

OPINION

WALKER, Presiding Judge.

This appeal by the state concerns the application and construction of our gam-

bling statutes on the operation of pinball machines.

In two-count indictments the seven appellees were separately indicted for violation of TCA 39–2001 (gaming) and violation of TCA 39–2006 (possession of gaming device.) The appellee John Welch was indicted in two cases. In each of the eight cases, the appellees filed a plea in abatement by which they insist that pinball machine cash payoff is not illegal under Tennessee law and that the electronic gaming devices referred to were pinball machines.

The pleas in abatement were heard together. It was stipulated that the devices were pinball machines. Although no evidence was taken, from the state's offer of proof the appellees paid players in money when those players accumulated games to their credit by operation of the pinball machines maintained by the appellees in their establishments. The appellees insist that these activities charged in the indictments as gaming and possession of gambling devices are not illegal under our law. The appellant (state) contends that this conduct is proscribed by our statutes and says that a proper interpretation of our gambling statutes encompasses playing pinball machines with the chance of receiving a payoff in money and possessing pinball machines for the purpose of enticing people to risk money on the outcome. It says these are within the proscription of TCA 39–2001 and 39–2006.

The trial judge sustained the pleas in abatement and dismissed the indictments. By that ruling the pinball exception contained in TCA 39–2033(2) and (4) permits these activities and applies to both TCA 39–2001 and 39–2006.

The determination of this question requires an examination of our gaming statutes. Those alleged in the indictment are:

"39–2001. Gaming—Misdemeanor.—If any person play at any game of hazard or address for money or other valuable thing, or make any bet or wager for money or other valuable thing, he is guilty of a misdemeanor.

"39–2006. Possession of gaming device—Penalty.—No person shall have in his possession any gambling table or any device whatever for the enticement of any person to gamble . . ."

By Chapter 234 of the Public Acts of 1955, the legislature amended the gambling statutes by defining "gambling", "professional gambling" and "gambling device." Its definition of gambling does not refer to pinball machines but by its provisions later codified in TCA 39–2033 professional gambling expressly included "pinball machines, which award anything other than an immediate and unrecorded right of replay," and gambling device was defined as "any . . device . . . which a right to . . . credits . . . may be created . . . but in the application of this definition an immediate and unrecorded right of replay mechanically conferred on players of pinball machines and similar amusement devices shall be presumed to be without value."

These provisions in effect proscribed pinball machine playing for cash in lieu of free games and if the gaming statutes had been unamended the activity here in question would violate our law.

By Chapter 406 of the Public Acts of 1957, the legislature amended the 1955 Act, the same being TCA 39–2033, by adding the words "pinball machines" to the exceptions to the definition of gambling so that the section now reads: " 'Gambling' means risking any money . . . for gain contingent . . . upon lot, chance or the operation of a gambling device, but does not include: . . . pinball machines."

The amendment deleted from the definition of professional gambling ". . . pinball machines, which award anything other than an immediate and unrecorded right of replay." By this provision professional gambling no longer includes pinball machines that award a cash payoff as an alternative to playing free games.

From the definition of "gambling device", the 1957 amendment deleted "(B)ut in the application of this definition an immediate and unrecorded right of replay mechanically conferred on players of pinball machines and similar amusement devices shall be presumed to be without value.", and in lieu thereof added: "(B)ut pinball machines shall not be deemed to be included in this definition" of gambling devices.

The gambling statutes must be construed *in pari materia. Harris v. State,* 207 Tenn. 538, 341 S.W.2d 576; *Griffin v. State,* Tenn., 495 S.W.2d 814. TCA 39–2031 which prohibits not only soliciting gambling but engaging in gambling and TCA 39–2033(2) which defines gambling encompass the same activity as TCA 39–2001. The pinball exceptions must apply to the older statutes TCA 39–2001 and 39–2006. By the clear and unambiguous language of the 1957 amendment, the award of cash in lieu of free games received on pinball machines is not proscribed. While the purpose of our gambling statutes is to prohibit gambling, not legalize it, the 1957 amendment has legalized payoff of pinball machines in lieu of games won. Any change in the law allowing this gambling activity is a matter for the legislature and not the courts.

TCA 39–2033 as amended in 1957 was considered by our Supreme Court in *Smith Amusement Company v. Mayor of Chattanooga,* 205 Tenn. 712, 330 S.W.2d 320 (1959). By ordinance the City of Chattanooga had prohibited the possession and maintenance of pinball machines. The court said that TCA 39–2033(2) and (4) specifically excluded pinball machines from the definition of gambling or gambling devices and the ordinance was unconstitutional as being in conflict with the general law of the state. It found this statute unambiguous. Although the effect of this decision was to permit pinball machines to be operated, gambling by payoff in lieu of free games was not at issue there and that case does not directly control our question.

Having found the trial judge correct in his conclusions of law, we affirm his action in sustaining the pleas in abatement and dismissing the indictments.

The judgments are affirmed.

DWYER, J., and DICK JERMAN, Special Judge, concur.