**CITY OF BARTLETT,
Appellant-Plaintiff,**

v.

**Frances HOOVER, Appellee-Defendant.**

Supreme Court of Tennessee.

Sept. 25, 1978.

George D. McCrary, Gardner, Hester & McCrary, Memphis, for appellant-plaintiff.

Henry H. Hancock, Julia Smith Gibbons, Memphis, for appellee-defendant; Farris, Hancock, Gilman, Branan & Lanier, Memphis, of counsel.

## OPINION

W. E. QUICK, Special Judge.

This case originated in the city court of Bartlett, Tennessee, in which appellee, Francis Hoover, was fined the sum of fifteen dollars ($15.00) for violation of Bartlett City Ordinance 76–9, Section 4, prohibiting "pay-off" on pinball machines.

On appeal to the Circuit Court of Shelby County, the case was presented on stipulation of facts, to which both parties filed motions for summary judgment addressing the question of legality of the ordinance. Upon hearing of the cause, the trial court held Bartlett City Ordinance 76–9, Section 4, to be in conflict with the general statutes of the State of Tennessee and, therefore, invalid, null and void.

Motion for summary judgment filed by defendant-appellee was accordingly sustained and the case dismissed. From the judgment of the trial court, appellant-plaintiff has appealed directly to this Court on the stipulation of facts as filed in the record.

As the record will indicate, the City of Bartlett, on December 8, 1976, enacted City Ordinance 76–9, Section 4, which reads as follows:

"No award, pay-off, or delivery of anything of value, or representing, or exchangeable, or redeemable for anything of value, shall be made in any contest, tournament, league or individual play on any mechanical amusement device, and it shall be unlawful for any owner or operator of a mechanical amusement device to cause, permit, or allow the same; Provided, however, a mechanical amusement device may reward a player with repeat games so long as no other reward, pay-off or exchange for anything of value is made by the owner or operator."

On the occasion here involved, defendant-appellee, Frances Hoover, was an employee of The Tennessee Poor Boy restaurant, specializing in fast food service, located at 6301 Stage Road. The restaurant maintained one or more pinball machines for the use and amusement of its customers. The machines were operated by the insertion of coins with a promise of reward in repeat games to those whose luck or skill should surpass a certain level of play.

On April 6, 1977, a customer of the restaurant, in the course of playing one of the pinball machines and by means of skill and/or luck, managed to win forty-one (41) repeat games.

The defendant, Francis Hoover, paid to the customer, from business funds, the sum of two dollars and five cents ($2.05) as pay-off for the repeat games which he had won. For this violation of the city ordinance, defendant was arrested and upon trial in the city court of Bartlett was fined the sum of $15.00.

It is agreed that the sole issue for determination in this case is the legality of Section 4 of Bartlett City Ordinance 76-9.

It is the position of the City of Bartlett that under the provisions of Tennessee Code Annotated, § 6-202, the City of Bartlett, and every other municipal corporation so organized, is empowered to enact such by-laws and ordinances as may be necessary and proper to preserve the health, quiet and good order of the town which includes, among other things, the power to restrain and prohibit gambling.

It is further the insistence of appellant, City of Bartlett, that the lifting of the ban on gambling on pinball machines by the enactment of Chapter 406 of the Acts of 1957, T.C.A., § 39-2033, subsections 2 and 4, does not thereby inhibit the City of Bartlett from enforcing its ordinance against "pay-offs" on pinball machines and imposing penalties for violations.

It is not believed this contention can be sustained. It has long been the law of this State that a municipality, by ordinance, may not contravene the established principles of the common law or the constitution or the statutes of the State. This principle was very clearly enunciated in the early case of *Farmer v. City of Nashville*, 127 Tenn. 509, 515–516, 156 S.W. 189, 190 (1913) wherein the Court held:

"Whenever a by-law seeks to alter a well-settled principle of the common law, or to establish a rule interfering with the rights of an individual or the public, the power to do so must come from plain and direct legislative enactment. No implied power to pass by-laws, and no express general grant of the power, can authorize a by-law which conflicts either with the national or State constitution, or with the statutes of the State, or with the general principles of the common law adopted or in force in the [S]tate. Ordinances must be consistent with public legislative policy, may regulate, not restrain, trade, and must not contravene common right. These are general principles, universally recognized, and to some extent illustrated by our own cases." (Citing authorities.)

Again, in *State ex rel. Lightman v. City of Nashville*, 166 Tenn. 191, 194–195, 60 S.W.2d 161, 162 (1933), there was involved a conflict between an ordinance of the City of Nashville and a provision of a private act of the legislature with reference to the zoning of property. In resolving the conflict, the Court held:

"When the delegation of a police power is relied on by the municipality to support measures that curtail or impair the rights of ownership and use of private property, the organic rights to acquire, possess, and enjoy the use of property, and the guaranties of due process of law and equal protection of the laws assured to individuals must be regarded. There must be a valid statute delegating the power, and in determining whether the power was delegated and subsequently exercised by a valid ordinance or regulation the courts have always applied familiar rules of statutory construction."

■ It would appear, therefore, that when the constitutional rights of a citizen is at issue, or when questions of due process

or equal protection of the law is involved, there can be no doubt but what an act of the Legislature will prevail over the provisions of a municipal ordinance.

■ But to be more specific, it appears that the precise question here involved was before this Court in *Smith Amusement Company v. Mayor and Board of Commissioners of the City of Chattanooga*, 205 Tenn. 712, 330 S.W.2d 320 (1959), wherein the trial court upheld Ordinance No. 4448 of the City of Chattanooga, making it unlawful to possess or display pinball machines.

On direct appeal to the Supreme Court it was held that the language of subsections 2 and 4 of Tennessee Code Annotated, § 39–2033, excluding pinball machines as gambling devices, was unambiguous as declaring the general law of the State. The Court accordingly reversed the judgment of the lower court, and held the ordinance to be unconstitutional as in derogation of the general law.

In *State v. Ashley*, 532 S.W.2d 289 (Tenn. Cr.App.1975) there was involved a conviction for money "pay-off" on pinball machines where the player had accumulated a certain number of credits, which is the identical situation involved in the case at bar. On appeal, the Criminal Court of Appeals, following *Smith Amusement Company, supra*, held that under the provisions of Chapter 406 of the Public Acts of 1957 (T.C.A. § 39–2033) pinball machines were excluded from the statutory definition of gambling devices. The conviction was accordingly reversed. *See also State v. Lawson*, 537 S.W.2d 448 (Tenn.Cr.App.1975).

Counsel for appellant cites a number of cases wherein municipal ordinances operating in concert with statutory regulations have been upheld. It is, of course, conceivable that both city and state may regulate certain practices, and they may differ in some particulars, and we have no argument with those authorities. But in the case at bar, where a citizen of the State of Tennessee has been arrested and charged with the violation of an ordinance, which, by specific statutory provision, is not a violation of law, we have a vastly different situation.

There can be no direct conflict between the provisions of a municipal ordinance and an act of the Legislature adversely affecting the constitutional rights of a citizen.

In a most recent opinion by Mr. Justice Harbison in *Capitol News Company, Inc. et al. v. Metropolitan Government of Nashville and Davidson County, Tennessee*, 562 S.W.2d 430, 1978, this Court, in addressing the question of conflict between municipal ordinances and state statutes, held:

" 'The mere fact that the state, in the exercise of the police power, has made certain regulations does not . . . prohibit a municipality from exacting additional requirements. So long as there is no conflict between the two, and the requirements of the municipal by-law are not pernicious, as being unreasonable or discriminatory, both will stand, but municipal authorities, under a general grant of power, cannot adopt ordinances which infringe the spirit of a state law or are repugnant to the general policy of the state.' "

For the reasons herein indicated, the Court is of opinion the judgment of the trial court should be, and the same is hereby affirmed, at appellant's cost.

HENRY, C. J., and FONES, COOPER and HARBISON, JJ., concur.