[No. 307-2.    Division Two.    December 3, 1971.]

THE CITY OF TACOMA, *Respondent*, v. JOHN F. NAUBERT, *Appellant*.

*Dennis G. Seinfeld* (of *Seinfeld & Seinfeld*) and *Richard Settle*, for appellant.

*Robert R. Hamilton* and *William J. Barker,* for respondent.

ARMSTRONG, J.—The assignments of error in this appeal raise a single determinative issue: Does the state statute relating to the sale of "erotic material" to minors supersede and preclude the enactment of similar ordinances by local governmental agencies because the statute provides in part, "The provisions of sections 13 through 20 of this 1969 amendatory act shall be exclusive"?

In denying a motion to dismiss a criminal charge based upon a Tacoma ordinance prohibiting the dissemination of indecent material harmful to minors the superior court held that the city ordinance was not superseded by Laws of 1969, Ex. Ses., ch. 256 (RCW 9.68.050-.120), relating to the sale of "erotic material" to minors. We hold that the state statute supersedes the Tacoma ordinance and precludes the enactment of local ordinances relating to the dissemination of indecent material harmful to minors because the state has expressly preempted that field of legislation.

On September 9, 1969, the defendant was standing on a sidewalk in downtown Tacoma and offering for sale a tabloid-sized newspaper entitled "The Berkeley Tribe." A Tacoma policeman, driving an unmarked police car, dropped his minor son off in that vicinity. The policeman's son purchased a copy of the newspaper from the defendant. He gave the copy of the paper to his father and the defendant was immediately arrested and charged under the city ordinance rather than the state statute.

The Tacoma Municipal Court found the defendant guilty of disseminating indecent material to minors. The defendant appealed to the Pierce County Superior Court. The trial court, sitting without a jury, found defendant guilty of that charge. Defendant appeals his conviction.

Both the state statute and the city ordinance were passed after the decision of the United States Supreme Court in *Ginsberg v. New York,* 390 U.S. 629, 20 L. Ed. 2d 195, 88 S. Ct. 1274 (1968). The state statute was passed at the close of

the 1969 extraordinary session on May 23, 1969. The city ordinance was passed on April 15, 1969.

The *Ginsberg* case held that the concept of obscenity in reading material could be determined by different standards for children than for adults. The standards of regulation of the sale of pornography to children can be much broader than those applicable to the sale of such material to adults. The parties concede that both the state statute and the city ordinance comply with the constitutional requirements of *Ginsberg*.

The Tacoma ordinance prohibiting the dissemination of indecent material to minors is very similar, in substantive law, to the state statute which prohibits the distribution of erotic material to minors. The state statute dispenses with the vivid detail of the ordinance. RCW 9.68.050 defines "erotic material" as material

the dominant theme of which taken as a whole appeals to the prurient interest of minors in sex; which is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters or sado-masochistic abuse; and is utterly without redeeming social value; . . .

There are two important provisions in the state statute which are not present in the city ordinance. (1) It is a defense if the minor is accompanied by a person who represents himself to be a parent, spouse or guardian and the defendant in good faith relies upon such representation. RCW 9.68.070(3). (2) Before a criminal prosecution can be obtained, the prosecuting attorney must take the questionable material before a superior court judge who determines the status of the material after notice to the seller. The judge, if he finds the material "erotic," may require that it be labeled "adults only." Only after such a determination is dissemination of the material to minors punishable. RCW 9.68.060. Both of these omissions from the city ordinance constitute valuable safeguards to the seller, who would usually be the owner of a magazine rack in a grocery or a drugstore. The legislature could find sound public policy in

not requiring the seller to read every book or magazine and make a determination of whether the publication affronts contemporary community standards on what would be deemed erotic or indecent material for minors.

Our first consideration must be whether the legislature had the right to preempt the field of legislation relating to distribution of indecent material to minors. The clearest answer to that question is contained in *Lenci v. Seattle*, 63 Wn.2d 664, 669, 388 P.2d 926, 930 (1964).

> We have stated that the plenary police power in regulatory matters accorded municipalities by Const. Art. 11, § 11, ceases when the state enacts a general law upon the particular subject, unless there is room for concurrent jurisdiction. . . .
>
> Whether there be room for the exercise of concurrent jurisdiction in a given instance necessarily depends upon the legislative intent to be derived from an analysis of the statute involved. . . . If the legislature is silent as to its intent to occupy a given field, resort must be had to the purposes of the legislative enactment and to the facts and circumstances upon which the enactment was intended to operate. If, however, the legislature affirmatively expresses its intent, either to occupy the field or to accord concurrent jurisdiction, there is no room for doubt.

(Citations omitted.)

The statute under consideration states in section 20: "The provisions of sections 13 through 20 of this amendatory act shall be exclusive." All of the provisions of sections 13 through 20 relate to the distribution of "erotic material" to minors. There is no other state statute relating to the dissemination of erotic or indecent material to minors. Sections 1 through 12 of Laws of 1969, Ex. Ses., ch. 256 relate to records of identification, narcotic drugs and dangerous drugs. Clearly the legislature was not referring to the preceding sections of the chapter when it used the word "exclusive." Nor could the legislature have intended the term "exclusive" to apply to RCW 9.68.010 which prohibits the distribution of obscene material to anyone because the procedure set up with regard to sales to minors provides for

such material to be stamped "adults only." If obscene, the material could not be sold to adults.

It is clear that the legislature was not referring to any other state legislation when it provided that the sections of the statute relating to distribution of erotic material "shall be exclusive." We are then faced with the well recognized rule of construction that a statute should, if possible, be so construed that no clause, sentence or word shall be superfluous, void or insignificant. *Groves v. Meyers,* 35 Wn.2d 403, 213 P.2d 483 (1950). We can only conclude that in using the words "shall be exclusive" the legislature intended to occupy the legislative field in the distribution of indecent material to minors, to the exclusion of counties or cities.

Had the legislature not made state jurisdiction exclusive, the remedial protection of the statute could be completely thwarted by a variety of city and county ordinances. The state has provided a remedy to control the evil with the built-in protection of the prior judicial hearing to determine whether the material is injurious to minors. In so doing, the legislature obviously recognized that news dealers are unable to read every publication and make a judicial determination of whether the publication as a whole conflicts with community standards of what is erotic material for minors.

Judgment reversed.

PETRIE, C.J., and PEARSON, J., concur.