[No. 1622-2.    Division Two.    July 24, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES WHITE, *Appellant.*

*Victor V. Hoff*, for appellant.

*Donald F. Herron, Prosecuting Attorney*, and *Terrence F. McCarthy, Deputy*, for respondent.

PEARSON, J.—The defendant, an "adult" bookstore clerk, was convicted for selling obscene magazines in violation of

RCW 9.68.010.[1] He was arrested after police officers purchased two magazines from him. Both magazines depicted explicit sexual scenes on their covers. One of the officers showed the defendant a picture from one of the magazines and asked if he had any films of a similar nature. The defendant replied that he did not and that the scene in the magazine was the "worst" he had.

Defendant raises two issues on appeal which merit discussion. First, he contends that RCW 9.68 violates constitutional guaranties of due process and equal protection because, in defendant's opinion, that chapter allows the sale of certain materials to juveniles which could not legally be sold to adults.

RCW 9.68.010 (under which defendant was convicted) proscribes the purveyance of obscene material. *State v. J-R Distribs., Inc.*, 82 Wn.2d 584, 512 P.2d 1049 (1973) construed RCW 9.68.010 to require that the three-pronged test for obscenity set out in *Miller v. California*, 413 U.S. 15, 37 L. Ed. 2d 419, 93 S. Ct. 2607 (1973) be satisfied before any matter may be considered obscene.[2] The third phase of the

---

[1]RCW 9.68.010 provides, in part:

"Every person who—

"(1) Having knowledge of the contents thereof shall exhibit, sell, distribute, display for sale or distribution, or having knowledge of the contents thereof shall have in his possession with the intent to sell or distribute any book, magazine, pamphlet, comic book, newspaper, writing, photograph, motion picture film, phonograph record, tape or wire recording, picture, drawing, figure, image, or any object or thing which is obscene;

". . .

"Shall be guilty of a gross misdemeanor."

[2]In *State v. J-R Distribs., Inc.*, 82 Wn.2d 584, 512 P.2d 1049 (1973) the court said at page 601, footnote 2:

"We *authoritatively construe* RCW 9.68.010 in the light of, and as limited by, the *Roth-Miller* test." In short, quoting from *Miller v. California, supra* at 24, the basic guidelines for the trier of fact must be: "(a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest, . . . (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value."

*Miller* test requires the subject matter to be without "serious literary, artistic, political, or scientific value." *Miller v. California, supra* at 24.

RCW 9.68.050 through RCW 9.68.120 (hereinafter referred to as the juvenile provisions) regulate the sale of erotic material to minors. RCW 9.68.050(2) sets forth a definition of erotic material which is unfit for juvenile consumption.[3] That definition incorporates the "utterly without redeeming social value" requirement found in *Roth v. United States*, 354 U.S. 476, 1 L. Ed. 2d 1498, 77 S. Ct. 1304 (1957). This requirement is, of course, more permissive than the third phase of the *Miller* test, *supra*. *Hamling v. United States*, 418 U.S. 87, 41 L. Ed. 2d 590, 94 S. Ct. 2887 (1974); *State v. Timmons*, 12 Wn. App. 48, 527 P.2d 1399 (1974); *Tacoma v. Mushkin*, 12 Wn. App. 56, 527 P.2d 1393 (1974).

RCW 9.68.120 states that "The provisions of RCW 9.68.050 through 9.68.120 shall be exclusive." Defendant construes this language to mean that because the juvenile provisions apply exclusively to minors, RCW 9.68.010 is applicable only to adults. Because the provisions relating to juveniles contain the more permissive *Roth* requirement for obscenity, the defendant concludes that matters which would be unfit for adult consumption could legally be sold to juveniles, an anomaly which renders the entire chapter constitutionally infirm.

While defendant's argument is intriguing, we do not agree with his interpretation of RCW 9.68, particularly RCW 9.68.120.

---

[3]RCW 9.68.050 provides, in part:

"For the purposes of RCW 9.68.050 through 9.68.120:

"(1) 'Minor' means any person under the age of eighteen years;

"(2) 'Erotic material' means printed material, photographs, pictures, motion pictures, and other material the dominant theme of which taken as a whole appeals to the prurient interest of minors in sex; which is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters or sado-masochistic abuse; and is utterly without redeeming social value;"

We note preliminarily that statutes and statutory schemes are presumptively constitutional. *Yelle v. Kramer*, 83 Wn.2d 464, 520 P.2d 927 (1974); *State v. Perrigoue*, 81 Wn.2d 640, 503 P.2d 1063 (1972). Moreover, when one interpretation of a statute would render it constitutionally invalid, and another would render it constitutionally valid, the latter interpretation will prevail. *Swanson v. White*, 83 Wn.2d 175, 517 P.2d 959 (1973); *Treffry v. Taylor*, 67 Wn.2d 487, 408 P.2d 269 (1965).

In *Tacoma v. Naubert*, 5 Wn. App. 856, 860, 491 P.2d 652 (1971), we construed RCW 9.68.120 to mean that the state has preempted local regulation of juvenile access to erotic materials. Therein we stated that "[i]t is clear that the legislature *was not referring to any other state legislation* when it provided that the sections of the statute relating to distribution of erotic material 'shall be exclusive.'" (Italics ours.)

The court in *State v. J-R Distribs., Inc.*, *supra* at 605 commented (although not addressing itself to the issue under consideration here) that:

> [T]he definitions and procedures set forth in RCW 9.68.050-.120 are exclusive insofar as minors are concerned, and, that the state has preempted the field in the area of material defined as "erotic" to minors.

Whatever ambiguity was created by the first clause of the above-quoted sentence was resolved in the same case wherein the court stated at page 604 that "RCW 9.68.050-.120 specifically applies only to minors whereas *RCW 9.68.010 has general application.*" (Italics ours.)

We, therefore, construe RCW 9.68 in the following fashion: the juvenile provisions apply only to minors and those provisions preempt local ordinances on the same subject. RCW 9.68.010 prohibits the distribution of obscene material (as defined in *State v. J-R Distribs., Inc.*) to juveniles as well as adults. Read in this fashion, there is nothing incongruous about the configuration of RCW 9.68.

Defendant secondly contends that his conviction should be reversed because there was insufficient proof in

the record of his knowledge of the contents of the two magazines in question. We find this argument to be without merit.

*State v. J-R Distribs., Inc., supra,* stated at page 607:

Proof that a defendant had specific knowledge of the contents' obscenity, acquired by an actual perusal or viewing thereof, is not necessary to support a constitutional prosecution. General awareness that the contents are obscene is sufficient. It is for the trier of fact to determine, under all of the surrounding facts and circumstances, whether a defendant had knowledge that the materials were obscene.

*Smith v. California,* 361 U.S. 147, 4 L. Ed. 2d 205, 80 S. Ct. 215 (1959); *Mishkin v. New York,* 383 U.S. 502, 16 L. Ed. 2d 56, 86 S. Ct. 958 (1966). We are of the opinion that the cover pages of the magazines in question, along with the defendant's statement comparing one of the pictures in the magazines to his film inventory, constitute sufficient evidence, both circumstantial and direct, from which the trier of fact could infer that defendant was aware of the magazines' contents.

Counsel for the defendant has invited us to overrule several matters which were squarely decided in *State v. J-R Distribs., Inc., supra.* There is nothing in the United States Supreme Court cases handed down subsequent to *State v. J-R Distribs., Inc.* which would indicate that it was incorrectly decided in any respect. We will defer to the ruling of *State v. J-R Distribs., Inc.* and therefore will not consider issues raised by the defendant which were decided in that case.

Judgment affirmed.

ARMSTRONG, C.J., and PETRIE, J., concur.

Petition for rehearing denied August 26, 1975.

Review denied by Supreme Court October 21, 1975.