LEBANON & BIG SPRING TURNPIKE CO. *v.* STATE.

*(Nashville.* December Term, 1918.)

CRIMINAL LAW. Court, in absence of defendant not charged with felony. Can enter plea of not guilty.

Where a corporation, charged with failure to repair a turnpike owned and operated by it, was duly served with process and voluntarily entered appearance, by demurring and applying for continuance, but did not plead, the trial court, under Thompson Shannon Code, section 7173, was authorized to enter plea of not guilty for it in its absence from the court; Constitution, article 1, section 9, providing that accused hath the right to be heard by himself and his counsel, etc., applying only to charges of felony.

Cases cited and approved: McGinnis v. State, 28 Tenn., 43; State v. Sexton, 121 Tenn., 35; Witt v. State, 45 Tenn., 11; Andrews v. State, 34 Tenn., 551; Armstrong v. State, 41 Tenn., 338.

Constitution cited and construed: Art. 1, secs. 6, 9, 14.

---

FROM WILSON.

---

Error to the Circuit Court of Wilson County.—HON. LILLORD THOMPSON, Special Judge.

WILLIAM A. GUILD and W. C. CHERRY, for plaintiff in error.

The Attorney-General, for the State.

MR. CHIEF JUSTICE LANSDON delivered the opinion of the Court.

The plaintiff in error was indicted in the criminal court of Wilson county for failure to repair a turnpike

which it owned and was operating in that county. Two individuals were joined with it, but they were dismissed upon demurrer and are not before the court.

The case was continued a number of times and a day certain was fixed for the trial at the succeeding term of court. The defendant failed to appear by counsel or otherwise at the term in which the trial was had, and the trial judge caused a plea of not guilty to be entered for it, impaneled a jury, and submitted the case to the jury upon evidence and a charge which are not in the record. The jury returned a verdict of guilty, and upon motion of the State the court entered judgment upon the verdict to the effect that the defendant pay a fine of $50 and costs.

There was no motion for a new trial or in arrest of judgment, and there is no bill of exceptions.

The defendant makes but one assignment in this court, which is as follows:

"The court erred in proceeding to trial of the cause, upon plea of not guilty entered by the court, without notice and knowledge and consent of the defendant, in the absence of defendant or defendant's counsel, and the verdict and judgment thereon are therefore void."

It is insisted for defendant that section 9 of article 1 of the State Constitution controls this case. This section is as follows:

"Right of the Accused in Criminal Prosecutions.— That in all criminal prosecutions, the accused hath the right to be heard by himself and his counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof, to meet the witnesses face to face, to have compulsory process for obtaining wit-

nesses in his favor, and in prosecution by indictment or presentment, a speedy public trial, by an impartial jury of the county ["county or district," in Const. of 1796 and 1834, *Armstrong* v. *State,* 1 Cold., 338, 342] in which the crime shall have been committed, and shall not be compelled to give evidence against himself."

The Code provides, at section 7173, Thompson's Shannon's Code, that "If the defendant refuses or neglects to plead, or stands mute, the court shall cause the plea of not guilty to be entered and proceed with the trial as if the defendant had put in the plea."

It is argued that this section of the Code, properly construed, means that the defendant must be present and refuse to plead. It is said that this is the only construction which can be given it, so as to harmonize with the section of the Constitution quoted.

It has been held by this court that the words "criminal charge," found in sections 6 and 14 of article 1 of the Constitution, refer only to prosecutions of the grade of felony. *McGinnis* v. *State,* 9 Humph., 43, 49 Am. Dec., 697; *State* v. *Sexton,* 121 Tenn., 35, 114 S. W., 494; *Witt* v. *State,* 5 Cold., 11; *Andrews* v. *State,* 2 Sneed, 551; Cooley on Constitutional Limitations (7 Ed.), 452.

No question is made upon the execution of process against defendant, or its voluntary entrance of its appearance of demurring and applying for a continuance of the case. We think no question could be properly made, and therefore defendant was properly before the court. It did not plead, and if the court was not authorized to enter a plea of not guilty for it, it could have obstructed the trial entirely. Its presence in court

was not necessary to the jurisdiction of the court. Only a fine was imposed against it, and no corporal punishment could have been administered, because it is a corporation.

We are also of opinion that the section of the Constitution quoted has no application to this case. Its only application must be held to be to appearance of the defendant in criminal charges of the grade of felony. See the cases cited above.

There is no error in the judgment of the court below, and it is therefore affirmed.