[S. F. No. 21120. In Bank. Dec. 18, 1962.]

JERRY T. WHITNEY et al., Plaintiffs and Respondents, v. THE MUNICIPAL COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Defendant and Appellant; THE PEOPLE, Real Party in Interest.

908

Stanley Mosk, Attorney General, John S. McInerny, Albert W. Harris, Jr., Arlo E. Smith and Robert R. Granucci, Deputy Attorneys General, for Defendant and Appellant.

Kenneth C. Zwerin for Plaintiffs and Respondents.

McCOMB, J.—Plaintiffs were granted a writ of prohibition by an order of the Superior Court of the City and County of San Francisco, restraining the municipal court from trying them for a violation of the municipal code. The appeal is from this order.

*Facts:* Plaintiffs were charged with a violation of section 741 of chapter 8 (Police Code) of the San Francisco Municipal Code, which provides, in part: "It shall be unlawful for any person, firm, association or corporation to hold, conduct or carry on or to cause, or permit to be held, conducted or carried on, any motion picture exhibition, or entertainment of any sort which is offensive to decency, or which excites vicious or lewd thoughts or acts . . . or which is lewd or obscene or vulgar . . . or so suggestive as to be offensive to the moral sense."

On arraignment, plaintiffs filed a written demurrer to the complaint, alleging that it did not state facts sufficient to constitute a public offense. The municipal court overruled the demurrer, and, unless restrained, it will proceed to try plaintiffs.

These are the questions necessary for us to determine:

First. *Has the state adopted a general scheme for the regulation of the criminal aspects of a motion picture exhibition or entertainment of any sort which (1) is offensive to decency, (2) excites vicious or lewd thoughts or acts, (3) is lewd or obscene or vulgar, or (4) is so suggestive as to be offensive to the moral sense, and determined, to the exclusion of local regulation, what acts of exposure and exhibition shall be criminal?*

*Yes.*

*The Law:* A local municipal ordinance is invalid if it attempts to impose additional requirements in a field which is preempted by the general law. (Cal. Const., art. XI, § 11; *In re Moss, ante,* pp. 117, 118 [2] [23 Cal.Rptr. 361, 373 P.2d 425].)

Whenever the Legislature has seen fit to adopt a general scheme for the regulation of a particular subject, the entire control over whatever phases of the subject are covered by state legislation ceases as far as local legislation is concerned. (*In re Moss, supra, ante,* at p. 118 [3].)

In determining whether the Legislature intended to occupy a particular field to the exclusion of all local regulation, we may look to the whole purpose and scope of the legislative scheme and are not required to find such an intent solely in the language used in the statute. *(In re Moss, supra, ante,* at p. 118 [4].)

At the time of the commission of the alleged offense,

section 311 of the Penal Code[1] provided, in part: "Every person who wilfully and lewdly, either: 1. Exposes his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby; or, 2. Procures, counsels, or assists any person so to expose himself or to take part in any model artist exhibition, or to make any other exhibition of himself to public view, or the view of any number of persons, such as is offensive to decency, or is adopted to excite to vicious or lewd thoughts or acts; or, 3. Writes, composes, stereotypes, prints, publishes, sells, distributes, keeps for sale, or exhibits any obscene or indecent writing, paper, or book; or designs, copies, draws, engraves, paints, or otherwise prepares any obscene or indecent picture or print[2]; or molds, cuts, casts, or otherwise makes any obscene or indecent figure; or, 4. Writes, composes, or publishes any notice or advertisement of any such writing, paper, book, picture, print or figure; or, 5. Produces, prepares, manufactures, sells, distributes, keeps for sale, exhibits, buys, rents, operates, uses, keeps, or maintains recordings, transcriptions, or mechanical, chemical, or electrical reproductions, or any other articles, equipment, machines, or materials, used or intended to be used in producing or reproducing any lewd or obscene song, ballad, or other words, whether spoken or sung; or, 6. Sings or speaks any lewd or obscene song, ballad, or other words, in any public place, or in any place where there are persons present to be annoyed thereby, is guilty of a misdemeanor."

Section 647, subdivision 5, of the Penal Code at the time of the commission of the alleged offense provided, in part: "Every lewd or dissolute person . . . [i]s a vagrant, and is punishable by a fine of not exceeding five hundred dollars ($500), or by imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment."

Section 650-1/2 of the Penal Code now provides, and provided at the time of the commission of the alleged offense, in part: "A person who wilfully and wrongfully commits any act . . . which openly outrages public decency . . . is guilty of a misdemeanor."

---

[1] In 1961 the Legislature reorganized and supplemented the sections of the Penal Code with regard to obscenity. (Stats. 1961, ch. 2147, p. 4427.)

[2] In spite of the literal terms of subdivision 3 of section 311 of the Penal Code, it has been held that the distribution or exhibition of an obscene picture was prohibited thereby. (*In re Sekuguchi*, 123 Cal.App. 537, 539 [11 P.2d 655].)

A reading of the above-quoted sections of the Penal Code shows clearly that the state had occupied the field with regard to the criminal aspects of obscene exhibitions. Accordingly, a city ordinance prohibiting exhibitions of the type described in the ordinance under consideration here is in conflict with the state law and is void.

Second. *Is prohibition a proper remedy under the facts in the instant case?*

*Yes.* Prohibition is a proper remedy to restrain a court from proceeding with a trial where it is conceded that the trial court threatens to, and will unless prohibited, proceed with the trial of a defendent on a charge of violating a municipal code section which under the law does not state a public offense. (*Rescue Army* v. *Municipal Court,* 28 Cal.2d 460, 462 [1a], 464 [1c], 466 [9] [171 P.2d 8]; *Kelly* v. *Municipal Court,* 160 Cal.App.2d 38, 46 [5] [324 P.2d 990] [hearing denied by the Supreme Court]; see 3 Witkin, Cal. Procedure (1954) Extraordinary Writs, § 37, pp. 2513 et seq.) This rule is applicable to the facts of the present case.

In view of our conclusions, it is unnecessary to discuss other questions raised by plaintiffs.

The order of the superior court is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., and White, J.,* concurred.

*Assigned by Chairman of Judicial Council.