[Civ. No. 25648. Second Dist., Div. Three. Dec. 28, 1962.]

JOE MIER et al., Plaintiffs and Respondents, v. THE MU-
NICIPAL COURT FOR THE CULVER JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Defendant
and Appellant; CITY OF CULVER CITY, Real Party
in Interest and Appellant.

Donald E. Olson, City Attorney, for Defendant and Appel-
ant and for Real Party in Interest and Appellant.

Robert K. Grean and Burton C. Jacobson for Plaintiffs and
Respondents.

FORD, J.—This is an appeal from a judgment granting a
peremptory writ of prohibition whereby the Municipal Court
for the Culver Judicial District was commanded to desist from
further proceedings with respect to certain counts of amended

complaints filed in pending criminal prosecutions. The counts were those which were based on alleged violations of an ordinance of Culver City. A writ was denied with respect to other counts in which violations of section 311 of the Penal Code of the State of California were charged.

The petitioners were the defendants in prosecutions pending in the municipal court. Petitioner California Magazines, Inc., was engaged in the business of the wholesale distribution of books, magazines, pamphlets and other publications. The other petitioners were owners and operators of certain liquor stores in Culver City wherein books, magazines and pamphlets were sold. The publication involved in a particular count of an amended complaint filed in the municipal court was described by name. Examples of such names are: "American Nudist," "Sunbathers Calendar," "Naturist," and "Nudist Calendar."

The offenses charged in the prosecutions instituted in the municipal court were alleged to have occurred on or about November 3, 1960. Except in the case of California Magazines, Inc., each amended complaint contained three counts with respect to conduct relating to a specific publication.[1] One of such counts charged a violation of section 2 of article V of Ordinance No. CS-275 in that the named defendant "did willfully and unlawfully exhibit, post, display and advertise on an advertising device, a picture representing a human being in a nude state and immoral, indecent, lewd, lascivious and unlawful act, suggestion, purpose, sign picture, illustration and delineation in a manner such as to offend public morals and decency, to wit: . . . [the particular publication]." The provisions of section 2 of article V of the ordinance are set forth in the footnote.[2]

---

[1]The defendant California Magazines, Inc., was charged with violations of section 311 of the Penal Code and of section 3 of article V of the city ordinance, but not with violations of section 2 of article V thereof. The various penal provisions are hereinafter set forth in this opinion.

[2]"It shall be unlawful for any person to erect, construct, maintain, exhibit, post, display or advertise upon any sign, signboard, sign device, billboard, advertising signboard, street clock, banner, canopy or marquee, or on any advertising device or statuary, any picture representing a human being in a nude state, any immoral, indecent, lewd, lascivious or unlawful act, suggestion, business, or purpose or any statement, word, sign, picture, illustration or delineation in a manner such as to offend public morals or decency, or which depicts any murder, suicide, robbery, holdup, shooting, stabbing, clubbing or beating of any human being in a manner as to offend public morals or decency."

In another count it was alleged that the named defendant had violated section 3 of article V of the ordinance in that such defendant "did willfully and unlawfully sell, offer for sale, advertise for sale, attempt to sell, exhibit, keep in his possession with intent to sell and give away a magazine which, read as a whole, is obscene in nature, to wit: . . . [the particular publication]." The provisions of section 3 of article V of the ordinance are set forth in the footnote.[3]

In a third count it was alleged that there had been a violation of subdivision 3 of section 311 of the Penal Code of the State of California, as that section then existed, in that the named defendant "did wilfully and lewdly sell, distribute, keep for sale and exhibit an obscene and indecent writing, paper, book and copy, to wit: . . . [the particular publication]." The pertinent portion of section 311 of the Penal Code, as it existed in November 1960 and prior to the comprehensive legislative changes in 1961 (see Stats. 1961, ch. 2147, p. 4427), was as follows: "Every person who wilfully and lewdly, either: . . . 3. Writes, composes, stereotypes, prints, publishes, sells, distributes, keeps for sale, or exhibits any obscene or indecent writing, paper, or book; or designs, copies, draws, engraves, paints, or otherwise prepares any obscene or indecent picture, or print; or molds, cuts, casts, or otherwise makes any obscene or indecent figure; or, 4. Writes, composes, or publishes any notice or advertisement of any such writing, paper, book, picture, print or figure; . . . is guilty of a misdemeanor." In the case of *In re Sekuguchi*, 123 Cal.App. 537, 539 [11 P.2d 655], it was held that the distribution or exhibition of an obscene picture was within the prohibition of subdivision 3 of the section.

At the time of the offenses alleged, by virtue of section 311 of the Penal Code the state had occupied the field with respect to the criminal aspects of selling, distributing, keeping for sale, exhibiting, and advertising obscene and indecent publications of the nature of those alleged to be involved in the various counts of the complaints charging violations of the city ordinance; there was no room left for local regulation.

---

[3]"It shall be unlawful and an offense for any person to sell, offer for sale, advertise for sale by mail or otherwise, or in any other manner attempt to sell, exhibit, give away, keep in his possession with intent to sell or give away, or in any way furnish or attempt to furnish to any person, any so-called stag show material consisting of, but not limited to, lewd films or slides, cards, books, etc., or any illustrated comic book, magazine or other publication which, read as a whole, is of an obscene nature."

Accordingly, the provisions of the city ordinance by which it was attempted to invade that field were void. (*Whitney* v. *Municipal Court,* 58 Cal.2d 907 [27 Cal.Rptr. 16, 377 P.2d 80].)

As stated in the *Whitney* case at page 911: "Prohibition is a proper remedy to restrain a court from proceeding with a trial where it is conceded that the trial court threatens to, and will unless prohibited, proceed with the trial of a defendant on a charge of violating a municipal code section which under the law does not state a public offense."

The portion of the judgment from which the appeal is taken is affirmed.

Shinn, P. J., and Files, J., concurred.