[No. 36649.   Department Two.   April 4, 1963.]

THE CITY OF SEATTLE, *Respondent,* v. ALVA C. LONG, *Appellant.**

*Reported in 380 P. (2d) 472.

*Regal & McDonell,* by *August F. Hahn,* for appellant.

*A. C. Van Soelen* and *James G. Leach,* for respondent.

WEAVER, J.—Appellant was charged in municipal court with violation of § 172 of ordinance No. 80998 of the city of Seattle, which provides:

"It shall be unlawful for any person to operate a motor vehicle without having in his immediate possession a valid and subsisting motor vehicle operator's license . . ." (Seattle Code of Ordinances 21.60.030)

Appellant's license had expired; it had not been suspended, revoked, canceled, or surrendered into court.

He appeals from a judgment and sentence of the superior court requiring him to pay a fine of $5.

Appellant makes a single contention: that § 172 of the ordinance, quoted *supra,* under which he was convicted and sentenced, and § 172-A[1] are void; the city of Seattle did not

---

[1] City of Seattle Ordinance 80998, § 172-A.

"Anyone convicted of violating Section 21.60.030 [Section 172] hereof by operating a motor vehicle without having in his immediate possession a valid motor vehicle operator's license shall, if it appears that at the time such offense was committed his motor vehicle

have authority to pass them because the state " . . . has preempted the licensing field and the enforcement thereof . . ."

We do not agree.

■ A municipality's right to exercise police power by regulations "not in conflict with general laws" is established by Article 11, § 11 of the state constitution.[2]

From *Detamore v. Hindley,* 83 Wash. 322, 326, 145 Pac. 462 (1915), through *Seattle v. Ross,* 54 Wn. (2d) 655, 659, 344 P. (2d) 216 (1959) to *Bellingham v. Schampera,* 57 Wn. (2d) 106, 109, 356 P. (2d) 292 (1960), this court has said:

"This is a direct delegation of the police power as ample within its limits as that possessed by the legislature itself. It requires no legislative sanction for its exercise so long as the subject-matter is local, and the regulation reasonable and consistent with the general laws."

Further, Article 4, § 14, Thirteenth, of the charter of the city of Seattle confers upon the city's legislative authority the power

" . . . to make all such local, *police,* sanitary and other *regulations as are not in conflict with the laws of the State.*" (Italics ours.)

RCW 46.20.020 provides in part:

"It shall be unlawful for any person to operate a motor vehicle upon any of the public highways of this state unless such person shall have in his possession a current and valid vehicle operator's license issued on his own application as provided in this chapter. . . ."

---

operator's license or the right to secure such license had been suspended, revoked, or cancelled by a court for violation of state law or by the State Director of Licenses, or had been surrendered into any court as a condition of any sentence imposed by any court, be punished by imprisonment in the City Jail for not less then ten days nor more than six months and by a fine of not to exceed five hundred dollars or by both such imprisonment and fine." (Seattle Code of Ordinances 21.60-.031)

[2]Washington State Constitution, Art. 11, § 11.

"Police and Sanitary Regulations. Any county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws."

By § 172 of the ordinance, the city has adopted the state's driver license requirements as its standard. In order to operate a motor vehicle lawfully upon city streets, a driver must be prepared to produce a state motor vehicle license to show he has met the minimum requirements imposed by state law.

█ In numerous cases involving various types of offenses, we have recognized the right of a city to enact an ordinance prohibiting and punishing an act which also constitutes an offense under state law, if the enactment does not conflict with the general laws of the state, and the state law does not show upon its face that it was intended to be exclusive. Illustrations are collected in *Bellingham v. Schampera, supra*; we will not repeat them.

█ In *Schampera* we considered the effect of RCW 46.08.010, which provides in part:

"The provisions of this title relating to . . . vehicle operator's license shall be exclusive and no political subdivision of the state of Washington shall require or issue any licenses or certificates for the same or a similar purpose, . . ."

We held that a city cannot, in the absence of express authority from the state, *revoke* or *suspend* an operator's state motor vehicle license because the state had pre-empted the right. This ruling, however, has no bearing on the problem under consideration.

█ We do not find a conflict between the city ordinance and the state statute; both impose the same regulation; both are prohibitory; and there is no indication that the legislature intended the statute to be exclusive.

Finally, appellant contends that § 172-A of the ordinance (quoted in footnote 1, *supra*) is void because it authorizes a penalty greater than the penalty provided by state law.

In so far as appellant is concerned, this is a hypothetical claim resting upon an abstract assumption. His $5 fine is well within the ambit of the penalty provision of the city ordinances and RCW 9.92.030, fixing punishment for a misdemeanor.

█ A person may not urge the invalidity of an ordi-

nance unless he is harmfully affected by the particular feature of the ordinance alleged to be an invalid exercise of the police power. A litigant who challenges the validity of an ordinance must claim infringement of an interest peculiar and personal to himself, as distinguished from a cause of dissatisfaction with the general framework of the ordinance. *State v. Lundquist,* 60 Wn. (2d) 397, 401, 374 P. (2d) 246 (1962) and cases cited.

Appellant is not in a position to challenge § 172-A of the ordinance.

The judgment is affirmed.

OTT, C. J., DONWORTH and FINLEY, JJ., and DAWSON, J. Pro Tem., concur.