CAPITOL NEWS COMPANY, INC. and
Borchert Enterprises, Inc., Appellants,

v.

The METROPOLITAN GOVERNMENT
OF NASHVILLE AND DAVIDSON
COUNTY, Tennessee, Appellee.

Supreme Court of Tennessee.

March 6, 1978.

Joel H. Moseley, Nashville, for appellants.

J. R. Slobey, Metropolitan Atty., Nashville, for appellee.

## OPINION

HARBISON, Justice.

In this case appellants challenge the constitutionality of an ordinance of the Metropolitan Government enacted in October 1976, prohibiting the willful sale or commercial distribution of explicit sexual and pornographic materials to minors. After an evidentiary hearing the Chancellor upheld the ordinance. We affirm his decision.

Insofar as the record reveals, under the ordinance one arrest has been made of personnel of appellants. The facts incident to that arrest are uncontradicted. Some time after the ordinance had been enacted and businesses having magazines and newsstands had been advised thereof, police officers went into a neighborhood grocery store operated by Borchert Enterprises, Inc. There they found some explicitly sexual materials being openly displayed for sale and others being displayed on racks behind covers or blinders. They observed a seventeen-year-old boy looking through an "adult" magazine, conceded to be such by the president of the company. This official had given instructions concerning the sale and display of "adult" literature of this nature, but he testified that his instructions apparently had not been followed in this instance. The arresting officer purchased a copy of a magazine which, by any standards of which we are aware, would be deemed hard-core pornography, entirely unsuitable for sale to minors, and displayed openly on racks within a few inches of the floor, in the same area where the minor was observed. The officer testified that there were a number of other magazines of this type on the same rack.

The president and the operator of the market were charged with violation of the ordinance, and part of the transcript of the hearing before the General Sessions Court was introduced as evidence in the present case.

There is no issue in this case of the guilt or innocence of the owner or its employee in the incident above described, nor is there an issue as to the obscenity of any particular magazine or publication. The present suit was brought for declaratory and incidental relief on three grounds. It is alleged that the ordinance is unconstitutional for vagueness, that it authorizes punishment without a jury trial greater than that permitted by state law, and that it deals with a subject which has been pre-empted for exclusive regulation by the General Assembly.

To raise these issues, little or no evidentiary material was necessary. Apparently, however, appellants also sought to demonstrate that the ordinance was being enforced in such a manner that compliance with its terms was difficult, if not impossible, by persons engaged in the distribution and sale of magazines and other publications. If this was the purpose of the evidence offered, it was insufficient. In our opinion the record does not establish any unconstitutional application or enforcement of the ordinance, if the same is otherwise valid.

The ordinance itself is quite brief and is not a model of legislative draftmanship.

Nevertheless its intent is clear. It prohibits persons from willfully engaging in the business of selling or otherwise distributing to minors under eighteen years of age materials, "the cover or content of which exploits, is devoted to or is principally made up of descriptions or depictions of illicit sex or sexual immorality or which is lewd, lascivious or indecent" or which depicts nudity "in a manner to provoke or arouse lust or passion or to exploit sex, lust or perversion for commercial gain." Likewise prohibited are the possession of materials with intent to engage in such business or the displaying of such materials at newsstands or other places of business which are patronized by minors or to which minors are invited as customers.

There is a series of definitions which are quite specific in giving content to the terms "description or depiction of illicit sex or sexual immorality," and "nude or partially denuded figures."

The ordinance also contains a definition of the term "knowingly," as actual or constructive knowledge of the nature of the materials purveyed. The word "knowingly" is not otherwise found in the text of the ordinance, but the term "willful" is used, and the draftsman apparently intended this to include the requirement of scienter.

■ Violation of the ordinance is punishable by a fine of fifty dollars. The language used is that the fine shall be "not less than" fifty dollars. However, since there is no other penal sanction, such as a jail sentence or a greater fine, we have no difficulty in construing the ordinance to impose a fine in the amount of only fifty dollars and not to authorize a penalty of any greater or different kind. The courts should construe an ordinance so that it complies with constitutional provisions, if it is susceptible thereof.

■ The foregoing interpretation eliminates any alleged conflict with Article I, Sections 6 and 14 of the Tennessee Constitution, providing for jury trial and the answering of criminal charges by presentment, indictment or impeachment. Al-

though the ordinance may be criminal rather than civil in nature, petty offenses punishable with fines up to fifty dollars are not embraced within these constitutional provisions. Likewise the ordinance, so construed, does not violate Article VI, Section 14, prohibiting the imposition of fines in excess of fifty dollars except by a jury. See Trigally v. Mayor and Aldermen of Memphis, 46 Tenn. 382 (1869); Howard and Von Drake v. State, 143 Tenn. 539, 227 S.W. 36 (1920); Metropolitan Government v. Miles, 524 S.W.2d 656 (Tenn.1975). The ordinance is entirely unlike that involved in the unreported opinion of the Court of Appeals in the case of City of Cookeville v. Amonette, relied upon by appellants, where, in addition to a fine, there was provision for a jail sentence of eleven months and twenty-nine days without opportunity for a jury trial. The Court of Appeals held that the provisions of that ordinance were in contravention of the general state law and of the constitutional provisions cited above.

Accordingly we overrule the assignment of error challenging the penal provisions of the ordinance.

One of the principal contentions of appellants is that the ordinance is unconstitutionally vague and that it restricts freedom of expression under the First Amendment to the United States Constitution. We have examined the ordinance in light of the cases relied upon by the appellants, and we are not able to agree with these contentions.

■ The ordinance in question deals with the limited subject of sales or display to minors. It is not a general obscenity ordinance. The cases seem clear that special standards, more stringent and restrictive, may be embodied in legislation aimed at controlling dissemination of erotic or pornographic materials to minors than in regulations dealing with adults. See Ginsberg v. New York, 390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968); Erznoznik v. City of Jacksonville, 422 U.S. 205, 95 S.Ct. 2268, 45 L.Ed.2d 125 (1975).

■ In attacking the ordinance for vagueness, appellants rely principally upon

the factors discussed in *Hynes v. Mayor and Council of Oradell*, 425 U.S. 610, 622, 96 S.Ct. 1755, 1761, 48 L.Ed.2d 243 (1976). There the Court found an ordinance impermissibly vague, holding that: (1) the coverage of the ordinance was unclear; (2) the ordinance did not sufficiently specify what those within its reach must do in order to comply—it could "trap the innocent by not providing fair warning"; (3) the ordinance did not "provide explicit standards for those who apply it."

Appellants insist that the ordinance could be construed in such a manner that it would be violated by any person "who might conceivably sell, lend, give away, show, advertise for sale or distribute any motion pictures, live show, still picture, photograph, book, pocketbook, pamphlet or magazine of a nude or partially denuded figure . . ."

We do not believe that the ordinance is reasonably susceptible to such a broad or sweeping interpretation or that the courts would permit abusive prosecutions based upon a strained or extreme construction of its provisions. It prohibits persons from willfully selling or distributing explicit sexual materials to minors, and defines in words which are simple and easy to understand what is meant by the depictions of illicit sexual conduct or nudity. Further, display of nudity is only prohibited when it occurs in a manner designed to provoke or arouse lust or passion or to exploit sex, lust or perversion for commercial gain. We find entirely unpersuasive the contentions of appellants that incidental displays of nude or partially nude figures in magazines of general circulation, such as the *National Geographic, Cosmopolitan* or *Vogue*, copies of which were filed in the record, violate this ordinance. The ordinance is clearly directed at the sale of pornography to young persons, and there is a requirement of scienter, in that it only applies to persons who willfully engage in the display and sale of this sort of material to minors.

We find no lack of clarity in the ordinance in this respect or any insufficiency of warning given to those who knowingly engage in the distribution and sale of such materials in places where minors are invited as customers. The ordinance covers only persons who knowingly engage or intend to engage in such distribution as a commercial enterprise or business, and we find untenable appellants' contentions that its terms prohibit such activities as the televising of films relating to breast cancer.

A primary insistence of appellants is that the ordinance fails to specify what they must do to comply. Of course the ordinance only prohibits the knowing and intentional distribution of the proscribed materials to minors. It does not deal with sale or distribution to adults. There is a state statute, T.C.A. § 39–1018, which requires the display of predominately sexual materials in drug stores, grocery stores and similar business establishments on racks or shelves five and one-half feet above the floor. In addition the witnesses offered by appellants testified that their business practices and rules required blinders or opaque covers over materials which they deemed to be "adult" in nature. There is no evidence that careful compliance with the foregoing statute and with these company policies would still leave the owners or employees of newsstands exposed to prosecution under the Metropolitan ordinance. Indeed, the contrary is indicated, but in the one instance where an arrest was made, the store employee failed to follow the directions of his own employer as to how such materials should be handled within the store. There is no showing that the police have arrested or harassed any individual who took any reasonable precautions whatever to prevent the deliberate and intentional sale or exhibition of the proscribed materials to minors.

We find no lack of specificity in the ordinance as to what standards should be applied for determination of guilt. The ordinance is not obscure in this regard, and, as previously stated, does not involve mere inadvertent or negligent distribution or display, or prohibit anything except the deliberate, willful and knowing selling or displaying for commercial distribution of pornography to young people.

We do not find the ordinance to be impermissibly vague as was the canvassing ordinance dealt with in the *Hynes* case. On the contrary we find that it can and should be construed, interpreted and applied within constitutional limitations and requirements.

The final insistence of appellants is that the ordinance regulates a subject which has already been preempted by a set of general state statutes, T.C.A. §§ 39–1012 et seq. This, of course, involves an examination of these statutes and a determination of legislative intent.

In one of the leading cases on the subject in this state, *Southern Ry. v. City of Knoxville*, 223 Tenn. 90, 98–99, 442 S.W.2d 619, 622 (1968), the Court quoted with approval the following:

" 'The mere fact that the state, in the exercise of the police power, has made certain regulations does not . . . prohibit a municipality from exacting additional requirements. So long as there is no conflict between the two, and the requirements of the municipal by-law are not pernicious, as being unreasonable or discriminatory, both will stand, but municipal authorities, under a general grant of power, cannot adopt ordinances which infringe the spirit of a state law or are repugnant to the general policy of the state.

" 'As a general rule, additional regulation to that of the state law does not constitute a conflict therewith. The fact that an ordinance enlarges upon the provisions of a statute by requiring more than the statute requires creates no conflict therewith, unless the statute limits the requirement for all cases to its own prescriptions.' "

There is nothing in the statutes referred to, dealing with the sale or exhibition of pornographic material to minors, to indicate that the General Assembly intended to prohibit municipal corporations from adopting local ordinances on the same subject. Both the statutes and the present ordinance are prohibitory. They are not at cross purposes, where one undertakes to permit conduct in an area prohibited by the other.

Other state statutes authorize municipal corporations to enact by-laws and ordinances under their police power, including power "to prohibit indecent exhibitions" within their limits. T.C.A. § 6–202(11).

Statutes dealing with metropolitan governments give them broad legislative authority, but specifically prohibit them from adopting ordinances regulating certain activities which are made exclusively subject to state law. Those are enumerated in the statutes, and include the offenses of driving while intoxicated, leaving the scene of an accident, driving on a revoked license and drag racing. *See* T.C.A. § 6–3725. Nothing in the general statutes prohibits metropolitan governments from adopting ordinances dealing with the sale of pornographic materials to minors.[1]

We are aware that in some cases comprehensive statutes dealing with the entire field of criminal obscenity have been construed to prohibit local ordinances on the same subject. *See Whitney v. Municipal Court of San Francisco*, 58 Cal.2d 907, 27 Cal.Rptr. 16, 377 P.2d 80 (1962); *People v. Llewellyn*, 401 Mich. 314, 257 N.W.2d 902 (1977); *Dimor v. Passaic*, 122 N.J.Super. 296, 300 A.2d 191 (1973).

In the case of *City of Tacoma v. Naubert*, 5 Wash.App. 856, 491 P.2d 652 (1971), a specific statute dealing with the sale of erotic material to minors was held to preempt local authority. In that case, however, there was language in the statute expressly making its provisions exclusive. Also stressed were provisions that only the prosecuting attorney, a state official, could institute prosecutions.

The general Tennessee obscenity statutes, T.C.A. §§ 39–3010 et seq., expressly provide

---

1. It is stated in the brief of appellee that the Metropolitan Charter expressly authorizes it to adopt ordinances on pornography and related subjects. The charter itself is not in evidence, nor are some other ordinances which are cited.

These are matters of which courts ordinarily may not take judicial notice. *See Metropolitan Government v. Shacklett*, 554 S.W.2d 601, 605 (Tenn.1977).

that the distribution of obscene materials to minors shall be governed by the more specific provisions of T.C.A. §§ 39–1012 et seq., and that in case of any conflict the provisions of the latter statutes shall control.[2] T.C.A. § 39–1016 prohibits the issuance of process for violation of part of these sections unless it is sued out upon application of the District Attorney. This restriction, however, does not apply to prosecutions instituted in juvenile courts. Nor does it apply to T.C.A. § 39–1017, banning certain moving picture advertisements, nor to T.C.A. § 39–1018, prohibiting the sale and display in drugstores, grocery stores, etc., of predominately sexual materials except at a prescribed height. Violations of these provisions can be prosecuted by local as well as state officials.

Further indication that the provisions of T.C.A. § 39–1012 are not intended to be exclusive is found in the provisions of T.C.A. § 6–647 et seq., authorizing municipalities in larger cities of the state to create motion picture regulatory boards. These boards are authorized to classify commercial films for viewing by minors, and ordinances may be adopted providing fines for violations. Injunctive and other relief may be obtained for the improper exhibition of motion pictures deemed "unsuitable for minors." T.C.A. § 6–650. Thus, it is clear that local ordinances and regulations on that subject are both authorized and contemplated despite the fact that there are penal and injunctive remedies provided for violation of the state statutes on exhibition of erotic or pornographic films and other materials to minors in T.C.A. §§ 39–1013, 1016 and 1017.[3]

While the wisdom or desirability of having a local ordinance dealing with the same general subject as that contained in state statutes may be debatable, we do not find any expression of legislative intent in the provisions under consideration, T.C.A. §§ 39–1012—1018, that the state statutes shall be exclusive or pre-emptive in the field. The General Assembly has provided for such pre-emption in certain instances, and could easily do so in the area here under consideration if it should see fit. In our opinion it has not at the present time prohibited local governments from adopting ordinances dealing with the sale or display of obscene materials to minors.

The assignments of error are overruled and the judgment of the trial court is affirmed at the cost of appellants.

HENRY, C. J., COOPER and BROCK, JJ., and DAUGHTREY, Special Justice, concur.

**2.** T.C.A. § 39–3013(B).

**3.** For discussion of such review boards and some of the local ordinances adopted pursuant

to T.C.A. §§ 6–647 et seq., see Note, *Film is a Four Letter Word*, 5 Mem.St.L.Rev. 41 (1974).