[No. 45668. En Banc. June 28, 1979.]

THE CITY OF SPOKANE, *Respondent,* v. JOHN
PAUL PORTCH, ET AL, *Appellants.*

*Victor V. Hoff,* for appellants.

*James C. Sloane, Corporation Counsel, John J. Madden, Acting Corporation Counsel,* and *Emmett J. Shearer, Assistant,* for respondent.

WILLIAMS, J.—Appellants were convicted in Spokane Municipal Court of violating ordinance No. C 23399 relating to the sale of obscene material. They sought review in the Superior Court for Spokane County of the legal rulings only. From the adverse ruling in that court, appellants appealed to the Court of Appeals, Division Three. The Court of Appeals certified the appeal to this court, where it was accepted. We hold the ordinance invalid and reverse the convictions.

On August 23, 1976, the City Council of the City of Spokane enacted ordinance No. C 23399. Section 1 of the ordinance defines the term "obscene". Section 2 makes it a misdemeanor for a person

(1) having knowledge of the contents thereof to exhibit, sell, distribute, display for sale or distribution, or having knowledge of the contents thereof to have in his possession with the intent to sell or distribute, any book, magazine, pamphlet, comic book, newspaper, writing, photograph, motion picture film, phonograph record, tape or wire recording, picture, drawing, figure, image, or any other object or thing which is obscene; or

(2) having knowledge of the contents thereof, to cause to be performed or exhibited, or to engage in the performance or exhibition of, any show, act, play, dance or motion picture which is obscene.

The ordinance was enacted despite the existence of a Washington statute, RCW 9.68.010, which is almost identical in its prohibition.[1] There are several points of difference between the Washington statute and the Spokane ordinance. One such difference relates to penalties. A violation of the statute is a gross misdemeanor punishable by a maximum jail term of 1 year or a maximum fine of $1,000, or both. *See* RCW 9A.20.020(2). A violation of the ordinance is only a misdemeanor punishable by a maximum fine of $500 or 6 months' imprisonment or both. The statute exempts from criminal liability nonproprietary motion

---

[1] RCW 9.68.010 provides:

"Every person who—

"(1) Having knowledge of the contents thereof shall exhibit, sell, distribute, display for sale or distribution, or having knowledge of the contents thereof shall have in his possession with the intent to sell or distribute any book, magazine, pamphlet, comic book, newspaper, writing, photograph, motion picture film, phonograph record, tape or wire recording, picture, drawing, figure, image, or any object or thing which is obscene; or

"(2) Having knowledge of the contents thereof· shall cause to be performed or exhibited, or shall engage in the performance or exhibition of any show, act, play, dance or motion picture which is obscene;

"Shall be guilty of a gross misdemeanor.

"The provisions of this section shall not apply to acts done in the scope of his employment by a motion picture operator or projectionist employed by the owner or manager of a theatre or other place for the showing of motion pictures, unless the motion picture operator or projectionist has a financial interest in such theatre or place wherein he is so employed or unless he caused to be performed or exhibited such performance or motion picture without the knowledge and consent of the manager or owner of the theatre or other place of showing."

picture operators and projectionists as well as certain institutions, while the ordinance provides for no such exemptions.

The state statute does not provide a definition of "obscenity", as does the ordinance. However, as a matter of state law, that term as it appears in the statute has been authoritatively construed by this court to mean

works which, taken as a whole, appeal to the prurient interest in sex, portraying sexual conduct in a way that is patently offensive, and which taken as a whole does not have a serious literary, artistic, political, or scientific value.

(Footnote omitted.) *State v. J–R Distribs., Inc.,* 82 Wn.2d 584, 601, 512 P.2d 1049 (1973). *See Miller v. California,* 413 U.S. 15, 37 L. Ed. 2d 419, 93 S. Ct. 2607 (1973).

The Spokane ordinance defines obscenity and varies from the definition provided by state case law in that it states in subsection (c) of section 1:

(c) When taken as a whole, *and in the context in which it is used,* lacks serious literary, artistic, political or scientific value.

(Italics ours.)

The underscored portion of that subsection is not included in the definition under state law.

In this appeal, appellants contend that the City of Spokane was without authority to enact the ordinance in question because the State has preempted the field of criminalizing obscenity. We agree and reverse the convictions.

██ Municipalities derive their authority to enact ordinances in furtherance of the public safety, morals, health, and welfare from Const. art. 11, § 11. *Lenci v. Seattle,* 63 Wn.2d 664, 388 P.2d 926 (1964). This provision states that

[a]ny county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws.

Of this constitutional grant of power, this court has stated:

> This is a direct delegation of the police power as ample within its limits as that possessed by the legislature itself. It requires no legislative sanction for its exercise so long as the subject–matter is local, and the regulation reasonable and consistent with the general laws.

*Hass v. Kirkland,* 78 Wn.2d 929, 932, 481 P.2d 9 (1971); *Seattle v. Long,* 61 Wn.2d 737, 380 P.2d 472 (1963); *Detamore v. Hindley,* 83 Wash. 322, 145 P. 462 (1915).

The doctrine of preemption was discussed in *Lenci,* where the court stated:

> [T]he plenary police power in regulatory matters accorded municipalities by Const. Art. 11, § 11, ceases when the *state enacts a general law upon the particular subject, unless there is room for concurrent jurisdiction. . . .*
>
> Whether there be room for the exercise of concurrent jurisdiction in a given instance necessarily depends upon the legislative intent to be derived from an analysis of the statute involved. *In re Iverson,* 199 Cal. 582, 250 Pac. 681; 1 Antieu, Municipal Corporation Law § 5.22, p. 287. If the legislature is silent as to its intent to occupy a given field, resort must be had to the purposes of the legislative enactment and to the facts and circumstances upon which the enactment was intended to operate. If, however, the legislature affirmatively expresses its intent, either to occupy the field or to accord concurrent jurisdiction, there is no room for doubt.

(Citations omitted. Italics ours.) *Lenci,* at 669–70. *See Diamond Parking, Inc. v. Seattle,* 78 Wn.2d 778, 479 P.2d 47 (1971).

The language of RCW 9.68.010 is silent with respect to the exclusion of local legislation on the subject. Therefore, in accordance with the reasoning set forth in *Lenci,* we must look to the purposes of the legislative enactment and to the facts and circumstances upon which RCW 9.68.010 was to operate.

 Looking to the circumstances upon which RCW 9.68.010 operates, we are convinced that the legislature intended to preempt the field of criminalizing obscenity.

Although "obscenity is not within the area of constitutionally protected speech or press", *Roth v. United States,* 354 U.S. 476, 485, 1 L. Ed. 2d 1498, 77 S. Ct. 1304 (1957), laws which criminalize obscenity may have an effect on speech which is protected by the first amendment to the United States Constitution and Const. art. 1, § 5. To avoid infringement of protected speech, the prohibition of obscenity is an area of the law which calls for uniform treatment throughout the state. *See People v. Llewellyn,* 401 Mich. 314, 257 N.W.2d 902 (1977).

In *Llewellyn,* the Supreme Court of Michigan concluded that the legislature had preempted the definition and deterrence of criminal obscenity to the exclusion of a supplementary ordinance which established its own definition of obscenity, modified state standards for a prima facie case of the prohibited conduct, and altered the penalty under the state statute. The court reasoned that to allow each locality to define the line between obscenity and protected speech would

> invite the cultivation of a legal thicket which would make both the scope of the individual right to free expression and the permissible prohibition of obscenity well–nigh impossible to determine.

*Llewellyn,* at 328. This reasoning is particularly appropriate in light of our opinion in *State v. J–R Distribs., Inc., supra,* where we held that the "contemporary community standard" by which obscenity is to be determined is the contemporary community standard of the *state* in which the question of obscenity is to be tested. *See Miller v. California, supra.*

Another point stressed by the court in *Llewellyn* with which we agree is that

> the uncertainty created by local definitions of obscenity would effectively chill the right to free expression, and raise serious due–process problems in that an unwary national or statewide distributor of books or films may be subject to criminal prosecution and incarceration although there was little opportunity to discover the nature of the prohibited conduct.

(Footnote omitted.) *Llewellyn,* at 328. We do not believe that the legislature intended to permit individualized systems of obscenity prohibition which may serve to chill protected First Amendment expression within the state. Rather, it seems clear that the legislature intended to create a uniform system of obscenity prohibition when it enacted RCW 9.68.

Further, we think the comprehensiveness of this chapter and the great detail with which it is set out evince an intent on the part of the legislature to preempt the field of obscenity prohibition. RCW 9.68 is composed of a number of sections which purport to control obscene and erotic material. An examination of the chapter reveals the following:

RCW 9.68.010 provides the general prohibition of obscene acts and materials and sets forth the exception that the section shall not be applied to acts done in the scope of employment of a nonproprietary motion picture projectionist.

RCW 9.68.015 exempts certain institutions from the act.

RCW 9.68.020 prohibits the publication of detailed accounts of certain sexual and violent acts.

RCW 9.68.030 prohibits the sale, loan or distribution of articles or drugs for causing unlawful abortion or providing material to assist in obtaining such article or drugs.

RCW 9.68.050 through RCW 9.68.120 control the sale, distribution and exhibition of erotic materials to minors.

RCW 9.68.130 defines and prohibits the public display of "[s]exually explicit material."

We believe that the comprehensive nature of this chapter indicates an intent on the part of the legislature to preempt that area of obscenity control included with the statute.

The present decision accords with those of other courts which have considered similar issues. *See Dimor, Inc. v. Passaic,* 122 N.J. Super. 296, 300 A.2d 191 (1973); *Whitney v. Municipal Court,* 58 Cal. 2d 907, 377 P.2d 80, 27 Cal. Rptr. 16 (1962). Further, the present ruling does not indicate a retreat from our position in *Northend Cinema, Inc.*

*v. Seattle,* 90 Wn.2d 709, 585 P.2d 1153 (1978), *cert. denied sub. nom. Apple Theatre, Inc. v. Seattle,* 441 U.S. 946, 60 L. Ed. 2d 1048, 99 S. Ct. 2166 (1979), in which we upheld a zoning ordinance restricting the location of adult movie theaters. RCW 9.68.010 preempts the field of obscenity prohibition but has no effect on the municipalities' power to exercise their authority in other areas such as zoning. Nothing in this opinion should be construed to deprive municipalities of their authority to control obscene material by taking measures which do not fall within the purview of state law.

The convictions are reversed.

UTTER, C.J., and ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.