## IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

| | | |
|---|---|---|
| **CITY OF ADAMSVILLE,** | ) | |
| | ) | |
| Appellee, | ) | McNairy County Circuit No. 618 |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **BRIAN K. CASS,** | ) | Appeal No. 02A01-9606-CV-00141 |
| | ) | |
| Appellant. | ) | |

**FILED**

**Dec. 20, 1996**

**Cecil Crowson, Jr.**
Appellate Court Clerk

APPEAL FROM THE McNAIRY COUNTY CIRCUIT COURT
AT SELMER, TENNESSEE

THE HONORABLE JOE H. WALKER, JUDGE

For the Appellant:              For the Appellee:

Brian K. Cass, Pro Se           Charles W. Burson
Savannah, Tennessee             Christina S. Shevalier
                                Nashville, Tennessee

**AFFIRMED**

**PER CURIAM**

# OPINION

Appellant Brian K. Cass ("Cass") appeals his conviction for violation of several city ordinances. We affirm.

In the early morning hours of January 30, 1994, Officer Johnnie Williams, an officer of the City of Adamsville Police Department, observed a vehicle traveling at 52 miles per hour ("mph") in a 30 mph zone. It is undisputed that Cass was the driver of the speeding car. The officer engaged the blue lights on the patrol car and pursued Cass's vehicle. In response, Cass drove out of town at a fast rate of speed. After traveling approximately one and one-half miles, Cass stopped the car.

Upon approaching Cass's vehicle, Officer Williams smelled alcohol on Cass and asked him to step out of the vehicle. In the vehicle, the officer found an open can of beer. Officer Williams issued Cass citations for failing to yield to blue lights and for having an open container of an alcoholic beverage in his vehicle, in violation of the ordinances of the City of Adamsville.[1] The matter was tried in the municipal court for the City of Adamsville, and Cass was found to have violated the ordinances. Cass sought a *de novo* appeal to the circuit court of McNairy County, Tennessee.

After a bench trial, the circuit court sustained Cass's conviction for failure to yield to blue lights and fined him $60 plus court costs. The circuit court also sustained Cass's conviction for having an open container of an alcoholic beverage in his vehicle and fined him $10 plus court costs. Cass appealed this matter to the Tennessee Court of Criminal Appeals.

Under Rule 17 of the Tennessee Rules of Appellate Procedure, the Court of Criminal Appeals transferred the appeal to this Court by Order entered June 17, 1996. Section 16-5-108(a)(1) of the Tennessee Code Annotated limits the jurisdiction of the Court of Criminal Appeals to review of the final judgments of trial courts in felony and misdemeanor criminal cases. Tenn. Code Ann. § 16-5-108(a)(1) (1994 & Supp. 1996). A municipal ordinance violation is civil in nature and not criminal. *O'Dell v. City of Knoxville*, 379 S.W.2d 756, 757-58 (Tenn. 1964). Therefore, the Court of Criminal Appeals lacked jurisdiction to hear this appeal. *See id. at 758*; *see also Clark v. Metropolitan Govt. of Nashville and Davidson County*, 827 S.W.2d 312, 315 (Tenn. App. 1991). Cass filed an

---

[1] Cass was also arrested for driving under the influence of alcohol. He was indicted by the grand jury and was tried and convicted in circuit court. This conviction was the subject of a separate appeal before the Tennessee Court of Criminal Appeals, Case No. 02C01-9411-CC-00248. Several of the issues raised by Cass in this appeal are also raised in his appeal of the DUI conviction.

Application for Extraordinary Appeal with the Tennessee Supreme Court in order to obtain judicial review of the order of the Court of Criminal Appeals transferring the appeal to this Court. The Supreme Court denied the Application by Order entered November 25, 1996. Consequently, this Court assumed jurisdiction of the appeal.

Our review of this case is governed by Rule 13(d) of the Tennessee Rules of Appellate Procedure, which provides that review of the decision of the trial court shall be *de novo* upon the record, accompanied by a presumption of the correctness of the findings of fact. Tenn. R. App. P. 13(d). Unless the preponderance of the evidence is otherwise, we must affirm the trial court absent an error of law. *Id.*; *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

On appeal, Cass raises a variety of issues. He first asserts that the police officer did not have probable cause to stop him; therefore, the fruits of the subsequent search should not have been admitted into evidence. However, there is no indication in the record that Cass made any motion to suppress this evidence; consequently, the issue is waived. Tenn R. Crim. P. 12(b)(3); *State v. Eldridge*, 749 S.W.2d 756, 757 (Tenn. Crim. App. 1988); *State v. Burton*, 751 S.W.2d 440, 445 (Tenn. Crim. App. 1988).

He also asserts that the testimony of the police officer should not have been introduced into evidence because the officer did not take the oath of office prescribed by the 1987 Tennessee Private Acts. *See* 1987 Tenn. Priv. Acts Ch. 42 § 3.08. The City Charter does not require a police officer to take this oath of office. Nonetheless, the record contains the oath of office taken by Officer Williams. This issue is without merit.

Appellant further contends that the city judge was without authority to hear and adjudicate the charges because he was appointed, not elected, and because the judge allegedly did not take an oath of office. The amended Charter for the City of Adamsville, 1987 Tenn. Priv. Acts. Ch. 42, § 3.02, provides for the appointment of the following officers: "city recorder, city attorney, city judge and the heads of all departments and divisions created by this charter...." This issue is without merit. The record contains no evidence that the city court judge was improperly selected or that he failed to take any required oath of office. Appellant's assertion is without merit.

Cass further maintains that District Attorney General Elizabeth Rice, Assistant District Attorney General Ed McDaniel and Circuit Judge Joseph H. Walker did not take a valid oath of office. Section 8-18-111 of the Tennessee Code Annotated sets out the official oath of office for

2

these officers. Tenn. Code Ann. § 8-18-111 (1993 & Supp. 1996). The record clearly reflects that Elizabeth Rice and Ed McDaniel took that oath of office. Appellant cites no competent evidence in the record that Judge Walker acted without legal authority, and our review of the record reveals no such evidence.

Cass also asserts that the trial court erred in denying his requests for assistance of counsel. The record reflects that the trial court denied Appellant's request to be represented by someone who was not an attorney. Thereafter, Appellant requested leave of court to represent himself. The trial court properly denied Appellant's request to be represented by someone who was not an attorney. The unauthorized practice of law is prohibited by statute. Tenn. Code Ann. § 23-3-103 (1996), *see also*, Tenn. S. Ct. R. 8, Canon 3.

Cass claims that he was denied his right to indictment by a grand jury under Article I, § 14, of the Tennessee Constitution, which states "... no person shall be put to answer any criminal charge but by presentment, indictment or impeachment." Art. 1, § 14, Tenn. Const. As noted by the Supreme Court in *Lebanon & Big Spring Turnpike Co. v. State*, 141 Tenn. 675, 214 S.W. 819 (1919), "the words 'criminal charge'... refer only to prosecutions of the grade of felony." *Id.* at 677, 214 S.W. at 821. Prosecutions for small offenses such as those involved in the instant appeal have not been held to be criminal charges within the meaning of Article I, § 14, of the Tennessee Constitution. *Howard v. State*, 143 Tenn. 539, 549, 227 S.W. 36, 48 (1920). In *Capital News Co. v. Metropolitan Government of Nashville and Davidson County*, 562 S.W.2d 430 (Tenn. 1978), the Supreme Court held that petty offenses are not embraced within the referenced constitutional section and that indictment is not required. *Id.* at 432. Therefore, this issue is without merit as well.

Cass argues on appeal that he was denied a right to a jury trial. The constitutional requirements of jury trial refer only to prosecutions of the grade of felony. *Lebanon & Big Spring Turnpike Co.*, 143 Tenn. at 549, 214 S.W. at 821. Similarly, petty offenses are not embraced within the constitutional section requiring trial by jury. *Capital News Co.*, 562 S.W.2d at 432; Art. VI, § 14, Tenn. Const. Moreover, Cass did not make a timely request for a jury. Therefore, this issue is waived and is without merit.

Additional issues raised on appeal by Cass include issues relating to the sufficiency of the citation, prosecution by the city attorney, denial of the right of compulsory process, double jeopardy, denial of a "judiciary trial," and adoption of state laws by the City of Adamsville. This Court has considered each of these issues, the entire record in this cause, and the briefs of the parties. After careful consideration, we find that these issues are without merit as well. The Court concurs in the facts as found by the trial court and finds that no reversible error of law appears.

The decision of the trial court is affirmed. The costs on appeal are taxed to Appellant, for which execution may issue if necessary.

**PER CURIAM**