# IN THE COURT OF APPEALS OF TENNESSEE

## AT KNOXVILLE

FILED

June 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| CITY OF KNOXVILLE, | ) C/A NO. 03A01-9801-CV-00058 |
| | ) |
| Plaintiff-Appellee, | ) KNOX CIRCUIT |
| | ) |
| v. | ) HON. HAROLD WIMBERLY, |
| | ) JUDGE |
| GARUIN LEOTTO CURRIER, | ) |
| | ) REVERSED AND |
| Defendant-Appellant. | ) REMANDED |

GEORGE T. UNDERWOOD, JR., Knoxville, for Plaintiff-Appellee.

RONALD L. GRIMM and ROBERT B. FROST, AMBROSE, WILSON, GRIMM & DURAND, Knoxville, for Defendant-Appellant.

## O P I N I O N

Franks, J.

The City of Knoxville charged defendant with violating the City's ordinance Section 16.188, i.e., defendant sold a pawned television which was not held for ninety days before sale as required by the ordinance.

Defendant defended on the ground that the ordinance was in conflict with the State law on the subject matter, but the Trial Judge found the ordinance to be valid. Defendant has appealed.

Defendant insists that the ordinance is in conflict with Tennessee Code Annotated §45-6-204, which provides that a pawnbroker licensed in Tennessee has the power to:

> purchase tangible personal property under a buy-sell agreement from individuals as a pawn or a pawn transaction, on the condition that it may be redeemed or repurchased by the seller at a fixed price within a fixed time not to be less than sixty (60) days.

In contrast, the City ordinance provides:

> A pawnbroker is required to hold at the place of business a property taken on pawn, deposit or pledge, for a period of not less than ninety (90) days before offering the property for sale or disposing of the property by trade, transfer, shipment or otherwise. After the lawful time of ninety (90) days has expired and the articles are placed in stock or offered for sale, such articles shall be reported to the police department by their given number, and when any article is redeemed by its owner, the number of the article redeemed shall be reported to the police department.

The plaintiff argues, and we agree, that where the General Assembly does not completely pre-empt the field of regulation, the municipal regulation of the scheme which does not adversely affect the State scheme, is valid. *Capital News Co. Inc., v. Metropolitan Government of Nashville and Davidson County*, 562 S.W.2d 430-434 (Tenn. 1978). It is contended that since the State statute expresses minimum standards, i.e, "not less than" extending the time frame by the municipal ordinance does not conflict with the State statute.

Appellant insists, however, the code sections and the ordinance are in conflict, and points to Tennessee Code Annotated §45-6-211, which after stating that a "pawnbroker shall retain in his possession the pledged goods for thirty (30) days after the maturity date of the pawn transaction" provides that if the pledger does not redeem the pledged goods within thirty days after the maturity date, a "pawnbroker shall acquire an absolute title to the pledged goods," and ". . . shall have the authority to sell or dispose of the unredeemed pledged goods as his own, and he may, if he decides, sell the unredeemed pledged goods." Also, T.C.A. §45-6-211(b) sets forth thirty day after the maturity date, as the exact time when the pawnbroker acquires absolute title to the pledged goods. Moreover, T.C.A. §45-6-211(d)(I) requires that a notice that the goods are subject to resale thirty days after the maturity date "shall" be printed on all pawn or buy-sell tickets, and specifies the exact wording of such notice. After the statutorily stated maturity date, T.C.A. §45-6-211 gives a pledger an

2

additional thirty days after the maturity of the pawn transaction in which to redeem the pledged goods, and vests title in the pawnbroker if the goods are not redeemed in the statutorily prescribed period.

The foregoing statutory scheme was established by Chapter 724, Public Acts of 1988, which was described as Tennessee Pawnbrokers Act of 1988. The General Assembly revised the Act in 1995 in Chapter 186, Public Acts 1995. This statutory scheme is a broad and detailed regulation of pawnbrokers in Tennessee.

Municipal ordinances in conflict and repugnant to a State Law of state wide application, are universally held to be invalid. *Southern Railway Co. V. The City of Knoxville*, 442 S.W.2d 619 (Tenn. 1968). A test which has been widely used in determining whether the provisions of a municipal ordinance conflict with a statute governing the same subject, is whether the ordinance prohibits an act which the statute permits, or permits an act which the statute forbids. 56 Am.Jur.2d Municipal Corporations, etc., §374 at p.408. Generally, an ordinance may enlarge upon the provisions of a statute by requiring more than the statute requires, unless the statute limits the requirement in all cases to its own prescription, *Id.* at 409. In the case before us, the ordinance enlargement of time runs counter to the provisions of the statute. The statute vests ownership in the pawnbroker after the prescribed statutory time in all cases, and mandates that the thirty day waiting period shall be printed on all pawn tickets. The enlargement of time in the ordinance conflicts with the statutory rights of pawnbrokers established in the statute, and we conclude that the ordinance in question runs counter to what the legislature has expressly licensed and authorized.

We reverse the holding of the Trial Judge and find that the ordinance is in conflict with the State statutory scheme set forth in the Tennessee Pawnbrokers Act and is invalid. *Southern Railway Co.*

The cause is remanded to the Trial Court for entry of judgment

3

consistent with this opinion, and the cost of the appeal is assessed to the appellee.

_____
Herschel P. Franks, J.

CONCUR:

_____
Charles D. Susano, Jr., J.

_____
William H. Inman, Sr.J.

4